pay to George Peterson the sum of ninety-seven dollars and sixty-five cents within ten days after the service of a certified copy thereof, with ten dollars costs of the proceeding. Such order was subsequently modified by striking out the provision as to costs.

*Smith Lent*, for the appellant.

*Frank A. Bennett*, for the respondent.

The order should be affirmed, with costs and disbursements.

PRATT, J., concurred; DYKMAN, J., not sitting.

Order affirmed, with costs and disbursements.

---

In the Matter of the Probate of the Last Will and Testament of MYRA CLARK GAINES, Deceased.

*Probate of a will — jurisdiction of the surrogate — when an application to take further evidence on the question of residence is properly denied.*

The jurisdiction of a surrogate depends upon the record before him.

Upon an application for the probate of an alleged will the question of residence was presented by an objection to the probate, and was apparently abandoned, and proof as to the will was taken, and the will was finally admitted to probate, proof having been given tending to show that the testatrix was a resident of the county where the will was offered for probate.

*Held,* that an application made at General Term to take further evidence on the question of residence was properly denied, when made after a considerable lapse of time after the decree admitting the will to probate was entered, especially as no evidence as to the residence of the testatrix was produced by the contestants before the surrogate. (Code Civ. Proc. § 2588.)

MOTION at General Term by the contestants, William W. Christmas and Rhoda B. Kennedy, for an order authorizing further testimony to be taken with a view to showing that Myra Clark Gaines was not a citizen of the State of New York nor a resident of Brooklyn, made pending an appeal from so much of a decision and decree of the surrogate of Kings county, entered in the office of the clerk of the Kings County Surrogate's Court on the 25th day of June, 1891, as admitted to probate the alleged will of Myra Clark Gaines, dated January 5, 1885, and also from an order made by the surrogate of Kings county overruling the appellants' plea in bar of *res adjudicata.*

*John A. Grow, W. W. Goodrich* and *Belva A. Lockwood,* for the appellants.

*Wm. T. Gilbert,* for William W. Wilder, respondent.

*Wm. T. Houston,* for respondent Wm. W. Christmas and others.

BARNARD, P. J.:

Mrs. Myra C. Gaines died on the 9th of January, 1885, at the city of New Orleans, State of Louisiana. Two papers which purported to be her last will were offered for probate. One was rejected as not being the will of testatrix, and the other was rejected as informally executed under the laws of the State of Louisiana. The same two papers were presented to the surrogate of Kings county for probate in November, 1889. The will which was rejected as forged was again rejected for the same reason, and the other will was proven and admitted to probate. The proponents of the rejected will appeal from the entire decree. William W. Christmas and Rhoda B. Kennedy appeal from the part of the decree which admitted the will of January 5, 1885. There was proof given before the Kings county surrogate tending to show that the deceased was a resident of Kings county when she died, and the surrogate so decided. The application to take further evidence should be denied. The question of residence was presented by the objection to the probate and

was withdrawn, but the proof of the probate of the will occupied some sixteen days. The jurisdiction of the surrogate depends on the record before him, and while the power exists under section 2586 of the Code, it should not be exercised after such a lapse of time since the decree was entered, and especially in regard to opening the case in this court, where no evidence as to the residence of testatrix was produced by the contestants before the surrogate. On the contrary, there was a strong appearance of an abandonment of the issue of residence. The parties should, therefore, be confined to the record appeal. There were five attesting witnesses to the will, who were each presented to the surrogate, examined and cross-examined.

No case is, therefore, made for an order to take further testimony, and the motion should be denied, with costs.

DYKMAN and PRATT, JJ., concurred.

Motion to take further testimony denied, with ten dollars costs.