Thomas J. McKee and Another, as Executors and Trustees, etc., of Matthew Byrnes, Deceased, Respondents, v. The New York Elevated Railroad Company and Another, Appellants.

*Judgment enjoining the operation of an elevated railroad unless certain damages were paid and a conveyance taken — modified on appeal so as to allow condemnation proceedings to be taken.*

In an action brought to recover damages, alleged to have been sustained by reason of the construction and operation of an elevated railroad, the plaintiff obtained judgment against the defendant restraining the operation of such road unless within a certain time it should pay a certain sum and accept a conveyance or release of the property rights in question, which, as a matter of fact, would be invalid; the judgment did not fix a sufficient period within which the defendant might acquire title to the real estate in question by condemnation proceedings.

*Held,* that such judgment should, on appeal, be modified by striking out the alternative as to the payment of the money and the receipt of the release or conveyance, and by directing that an injunction absolute issue, unless, within six months after the entry of the order upon such appeal, the defendant should have condemned the easements in question.

Appeal by the defendants, The New York Elevated Railroad Company and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 12th day of February, 1894, upon the decision of the court rendered after a trial at the New York Special Term.

The judgment rendered, after the usual recitals, was as follows:

"*First.* That Thomás J. McKee and Fernando Baltes, as executors of and trustees under the last will and testament of Matthew Byrnes, deceased, the plaintiffs herein, recover of the New York Elevated Railroad Company and the Manhattan Railway Company, the defendants herein, the sum of two thousand one hundred and six dollars and twenty-five cents, as and for the damages sustained in respect of the premises known as Nos. 403, 403½, 405, 407, 409 and 409½ Third avenue, in the city of New York, by reason of the acts of the said defendants from the twentieth day of December, 1884, to the twenty-third day of May, 1893, the date of the trial of this action, together with interest on said sum from the said twenty-

third day of May, 1893, to the date of the decision herein, amount-
ing to ninety-one dollars and twenty-six cents, and the further sum
of two hundred and ninety-seven dollars and thirty-two cents, for
their costs, disbursements and extra allowance herein, amounting in
the aggregate to the sum of two thousand and four hundred and
ninety-four dollars and eighty-three cents, and have execution
therefor.

"*Second.* That the defendants, The New York Elevated Rail-
road Company and The Manhattan Railway Company, from and
after a period of ninety days after service upon said defendants, or
their attorneys, of notice of entry of judgment herein, be, and they
and each of them hereby are perpetually enjoined and restrained
from maintaining, or in any way using the elevated railway struc-
ture on Third avenue, in the city of New York, in front of the
premises of the plaintiffs, known as Nos. 403, 403½, 405, 407, 409
and 409½ Third avenue, and more particularly described in the find-
ings of fact herein.

"*Third.* That upon tender to the plaintiffs within ninety days
after service upon the defendants, or their attorneys, of a copy of
this judgment, with notice of entry thereof, of the sum of thirty-
five hundred dollars and interest thereon from the twenty-third day
of May, 1893, the date of the trial of this action, plaintiffs shall,
within said ninety days, deliver, or cause to be delivered, to the
defendants, a conveyance and release duly executed by the plaintiffs
and all other persons having any interest in or lien upon said prem-
ises, conveying and releasing to the defendants all right, title and
interest in and to such property or easements as had been taken by
the defendants, and a release from the plaintiffs of all future dam-
ages to be incurred by plaintiffs from the maintenance of the present
structure and the operation of the defendants' railroad in front of
the plaintiffs' premises, as the same is at present operated and main-
tained, and in the event said money is so tendered to the plaintiffs,
the injunction heretofore provided for shall not issue herein.

"*Fourth.* The tenders provided for in this judgment may be
made by and to the attorneys for the respective parties hereto.

"*Fifth.* Either party may apply at the foot of this judgment for
further direction as to the enforcement of the same.

"*Sixth.* The injunction hereinbefore granted shall be wholly

inoperative if, before the time fixed for the commencement thereof, the defendants shall have obtained by purchase or due process of law the right to maintain their elevated railroad structure in said street in front of the plaintiffs' premises.

"*Seventh.* Execution to enforce the money judgment herein is hereby stayed until the expiration of thirty days after notice of entry of judgment herein."

*Arthur O. Townsend,* for the appellants.

*William R. Page,* for the respondents.

PER CURIAM:

By the judgment the trial judge directed as the alternative to the injunction that defendants pay a certain sum of money, found to be the value of the easements, upon the payment of which they were to receive a conveyance and release of the property or easements affected.

It is conceded that by the will appointing the plaintiffs executors and trustees they were given a life estate in the property without a power of sale. Under such will, therefore, the trustees or executors have no present power to sell any of the testator's real estate, and could not, therefore, give the conveyance or release required as a condition for the payment by defendants. The latter have a right to have the alternative to the injunction fixed upon equitable principles, which includes the right to receive a valid title to the easements to be paid for. It is true that three months were also given within which the defendants had a right to condemn, but, with knowledge of the character of such proceedings and the time which necessarily would be taken up, we think the period fixed for three months in which to condemn was too short. As they could not, therefore, condemn within that time, we have here a case where an injunction is to issue unless the defendants shall pay a sum and accept a conveyance or release which would concededly be invalid.

The force of this objection is sought to be met by the suggestion that before the injunction goes into operation the plaintiffs will have obtained power to sell the easements under chapter 209 of the Laws of 1891. By this act power is given to the Supreme Court to authorize the mortgaging or sale of real estate under certain con-

ditions therein enumerated; but we have grave doubt as to its being applicable to a conveyance or release of easements by trustees, such as plaintiffs here, appointed under a will.    It is not, however, necessary for us to determine that question at present, as we think that the rights of the parties should have been determined by their situation at the time of the entry of judgment.    And when it then appeared that the plaintiffs had no power to give a valid release or conveyance, the court should not have directed the defendants to pay as an alternative for the injunction a sum of money.    The defendants have had ample time since their road was constructed within which to condemn the property, and, under the circumstances here appearing, the proper alternative would have been to direct that an injunction issue unless within a reasonable time they took condemnation proceedings and acquired the easements.

Our conclusion, therefore, is that the judgment should be modified by striking out the alternative as to the payment of the money and receiving the release or conveyance, and by directing that an injunction absolute issue, unless, within six months after the entry of the order upon this appeal, the defendants shall have condemned such easements, with costs to appellants.

Present — O'BRIEN, FOLLETT and PARKER, JJ.

Judgment modified as directed in opinion, with costs to appellants.