deed, if such had been the intention of the parties, it would have been void as against existing creditors of the plaintiff's corporation. The statute under which the directors of this insurance company acted limited them in giving up the note only after the maker had paid his proportion of all losses that had accrued during the term of insurance. (See statute before referred to; *Hyatt, Receiver. v. Wait & Simmons,* 37 Barb. 29.) The assessment sued for was made in July, 1890, and the surrender of the policy was in September, 1890, and there seems to have been no provision made for the losses accrued between those dates. From this it is a fair inference that the officers not only did not give up the note, but never intended to release the defendant from liability thereon until he had fully complied with his duty under the statute by paying his proportion of the losses and expenses. A just result was reached by the trial judge and no error is pointed out sufficient to warrant us in disturbing the judgment. The defendant insists that an error was committed, because in this suit part of an assessment upon which a prior suit brought was included in this action. The answer to this contention is that part of the assessment was allowed to the defendant and the judgment as if it had not been included, so that, as against this defendant, no injustice was done, and the judgment is the same as if it had not been included in the last assessment. A mistake in including a previous assessment may be corrected upon the trial as well as any other mistake of figures in so far as it does not prejudice a party. It is only invalid as *against a party prejudiced thereby.* Neither does the fact that the receiver demanded too much render the demand void. The court

found in its ninth finding of law, "That the agreement of 17th of September, 1890, subsequently consummated, was a complete settlement and adjustment of all liabilities of the defendant upon its said note." The use sought to be made of this finding of law is inconsistent with the facts proved and with the judgment finally rendered. Notwithstanding all the technical objections raised, the judgment is entirely proper and just and must be affirmed. Dykman and Cullen, JJ., concurred.

In the Matter of the Probate of the Last Will and Testament of Myra Clark Gaines, Deceased.— Appeal dismissed, without costs.

The People of the State of New York ex rel. Charles W. Klebisch, Respondent. v. Charles Gearing, Jr., as Trustee, etc., Appellant.— Judgment affirmed, with costs and disbursements. No opinion.

Owen Briardy, Appellant, v. The County of Kings and the County of Queens, Respondents.— Judgment affirmed, with costs. Opinion by Cullen, J., decided with *Albrecht v. County of Queens,* see *ante,* page 399.

James H. Ryan and Another, Respondents, v. Francesco Pistone, Appellant.— Reargument ordered.

**Decisions handed down February 20, 1895.**

The People of the State of New York ex rel. Granville W. Harman, as Register, etc., v. Henry H. Adams, as County Treasurer of the County of Kings.— Order affirmed, without costs. No opinion.

Catherine L. Tonjes, Respondent, v. John H. Tonjes, Appellant.— Judgment modified by reducing the alimony to the sum of $700 per year, and, so modified, affirmed, without costs. No opinion.

---

First Department, February Term, 1895.

Dimont M. Caldwell, Respondent, v. Mutual Reserve Fund Life Association, Appellant. — Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. No opinion.

Samuel Corn and Another, Respondents, v. Isaac Stern and Others, Appellants.— Order reversed, with ten dollars costs and disbursements. No opinion.

John E. Blackman, Plaintiff, v. Charles Riley, Respondent; Jane A. Dorland, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to renew upon new papers on payment of costs. No opinion.

Marie M. La Favre, Appellant, v. Clifford A. Hand, as Executor, etc., Respondent.—Judgment affirmed, with costs. No opinion.

David Belasco v. N. K. Fairbank and Others. — Motion denied, with ten dollars costs.

Louis Greve v. Aetna Live Stock Insurance Company.— Motion granted.

John McNamara, Appellant, v. The Mayor, etc., Respondent.— Judgment affirmed, with costs. No opinion.

Susie M. Sturges and Another, Respondents, v. A. Beekman Cox and Another, Executors, etc., Appellants.— Order affirmed, with ten dollars costs. No opinion.

Thomas J. McKee and Another, Executors, etc., Respondents, v. The New York Elevated Railroad Company and Another, Appellants. — Judgment affirmed, with costs. No opinion.

Eliza Oliphant, Respondent, v. Metropolitan Elevated Railroad Company and Another,

Appellants.— Judgment affirmed, with costs. No opinion.

Cortlandt S. Van Rensselaer, as Trustee, etc., v. Lorenzo Goodwin and Others.— Order affirmed, with ten dollars costs and disbursements. No opinion.

In the Matter of Peter J. Garvey.— Order affirmed, with costs on opinion in *The Matter of Goodman* (84 Hun, 53).

Statement of facts. — Appeal from an order of the Special Term striking the names of the appellants from the registry of voters of the second election district in the thirteenth Assembly district of the city of New York. Henry Meiser is twenty-seven years of age and was born at Wappinger's Falls, N. Y., where he resided with his parents until he reached the age of fourteen, when he left home and attended a school in New Hampshire and a college in Massachusetts. His father died in 1881; his mother now resides in Philadelphia, Penn. In 1887, when twenty years of age, he went south as an engineer, and in 1888, when twenty-one years of age, he returned to this State, residing at Buffalo, where he lived upon the income of his property and the results of his labor until October, 1889, when he came to this city and became the secretary of the Microphone Carbon Battery Company at No. 112 Liberty street and established his residence at No. 28 West Twelfth street—a boarding house. September 15, 1890, he removed to No. 64 Clinton place, where he took an apartment for himself and sister, and resided there until September, 1891. He registered