Kelsy agt. Tremaine.

---

### SUPREME COURT.

#### CHARLES KELSY agt. JOHN M. TREMAINE.

Where under section 154 of the Code, the plaintiff fails to reply or demur to the new matter in the answer constituting a *counter-claim,* the defendant is not entitled to a judgment for the full amount thereof, unless the plaintiff *fails to establish his cause of action,* and he can only recover the excess over the plaintiff's recovery, where the plaintiff succeeds as to any part of his claim.

*Special Term, Kings County, September* 18, 1865.

MOTION by defendant for judgment on counter-claim, under section 154 of the Code.

G. A. SEIXAS, *for the motion.*

D. P. BARNARD, *contra.*

LOTT, J. It is provided by section 154 of the Code, as amended by chapter 392 of the laws of 1863, that "if the answer contain a statement of new matter constituting a counter-claim, and the plaintiff fail to reply or demur thereto within the time prescribed by law, the defendant may move on a notice of not less than ten days, for such judgment as he is entitled to upon such statement, and if the case require it, a writ of inquiry of damages may be issued."

A defendant to avail himself of the benefit of that provision, must make out a case entitling him to a judgment for some amount. If he admits the plaintiff's claim, or puts it in issue by his answer, he must, for the purposes of the motion under that section, be considered as conceding the plaintiff's right of recovery to the amount of his claim. A counter-claim when admitted will not entitle the defendant to a judgment for the full amount thereof, unless the plaintiff fails to establish his cause of action, and he can only recover the excess over the plaintiff's recovery where the plaintiff succeeds as to any part of his claim. The plaintiff by omitting to reply to a counter-claim, only admits that every material allegation constituting it "shall, for the purposes of the action, be taken as true." The effect of that admission is that the amount so counter-claimed may be deducted from the plaintiff's claim, but it by no means concedes that the defendant shall be entitled to the recovery of the entire sum, irrespective of the demand made by the complaint.

Applying the above principles to the present case, the

defendant cannot prevail in his motion for judgment. The plaintiff claims $375, with interest on the whole sum from first May, 1860, and on $162.50, part thereof, from first November, 1859, and states a cause of action in his complaint entitling him thereto. The defendant, on the statement of the new matter in his answer constituting his counter-claim, cannot, in any view of the facts stated by him, be entitled, in my opinion, to an allowance to that amount. He has, therefore, failed to establish a right to any judgment under the section of the Code above referred to.

His motion must consequently be denied.