FREDERICK CASS, Respondent, v. SAMUEL B. HIGENBOTAM,
                              Appellant.

In an action upon a promissory note damages for the conversion by the
    holder of property pledged to him as security for the payment of the
    note may properly be pleaded as a counter-claim; and the amount thereof
    must be taken into consideration in determining whether a judgment in
    such action is reviewable in this court.

After the commencement of such an action defendant tendered the amount
    due on the note with costs on condition that plaintiff return the property
    pledged, which return was demanded and refused.  *Held,* that it was not
    essential to the validity of the tender to pay the money into court ; that
    defendant was entitled to make the tender conditional, and the refusal of
    plaintiff to surrender the property pledged rendered him liable for a
    conversion ; also that defendant was entitled to counter-claim damages for
    the conversion, although occurring after the commencement of the action;
    and that, if an application to the court for leave to set up the tender
    as a defense was necessary, as the answer was received and retained
    without objection, and plaintiff had allowed the trial to proceed without
    objection, and had obtained judgment, it was too late to insist on appeal
    that the defense was improperly pleaded because no leave was obtained.

The obligations of pledgor and pledgee in such case are mutual, concur-
    rent and reciprocal ; either party is entitled to performance by the other
    as a condition of his own performance.  The refusal of either to perform,
    where performance is tendered by the other, furnishes ground for an
    action.

Where a tender has simply the effect to extinguish a lien, and does not dis-
    charge the debt, payment into court is not required.

*It seems* the provision of the Code of Civil Procedure (§ 732) in reference to
    tenders refers only to that class of tenders which satisfy and discharge
    the debt.

Plaintiff set up in reply to the defense that before tender was made an
    action had been commenced against him by a third person for a por-
    tion of the property pledged, of which defendant was notified, and he
    had become a party thereto, and that plaintiff, at the time of the alleged
    tender, offered to return the balance of the property upon payment of
    the note, but defendant refused to accept and to make payment.  *Held,*
    that the pendency of said action furnished no justification for the refusal
    to deliver all of the property pledged, and did not bar defendant's right
    to counter-claim his damages.

*It seems* that plaintiff's remedy was by action in the nature of a bill of inter-
    pleader, making the claimants parties, and thus have it determined who
    was the true owner.

*Cass* v. *Higenbotam* (27 Hun, 406), reversed.

(Argued October 9, 1885 ; decided October 27, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made June 30, 1882, which affirmed a judgment in favor of plaintiff, entered upon a verdict directed by the court. (Reported below, 27 Hun, 406.)

This action was brought upon a promissory note, for the sum of $350. The note was admitted by the answer, but it alleged, by way of defense, that the amount of the note with interest and costs had been tendered to the plaintiff after suit brought; and, by way of counter-claim, that certain diamonds had been pledged by the defendant to the plaintiff, as collateral to the payment of the note, and that on the 20th of January, 1880, after the action was commenced, the defendant had tendered to the plaintiff the full amount due on the note with interest and costs and demanded a return of the diamonds;. that the plaintiff refused to accept the tender and return the diamonds, but had converted them to his own use, to the defendant's damage $1,000, for which judgment was demanded. The plaintiff replied admitting the making of the pledge, and setting up that before the offer of payment and demand of the return of the diamonds, an action had been commenced against him by a third party, the wife of the defendant, for a portion of the diamonds, claiming them as her property; that the defendant in this action was notified of that action and had become a party thereto, and that the plaintiff, at the time of the alleged tender, had offered to return to the defendant the jewelry for which suit had not been brought, upon payment of the note, but defendant had refused to accept such portion, and to make payment. The facts set forth in the answer and reply were sufficiently proved on the trial, and it was proved that the action brought by the wife of defendant for a portion of the diamonds, to which both plaintiff and defendant in this action are parties, is still pending undetermined.

Upon this state of facts the court below directed a verdict for the plaintiff for the amount of the note, to which defendant's counsel duly excepted.

*Samuel B. Higenbotam* for appellant. The tender of debt, interest and costs, as made, divested bailee's lien on the pledge. (*Kortright* v. *Cady*, 21 N. Y. 349; *Harkley* v. *Tatham*, 1 Keyes, 222; *La Motte* v. *Archer*, 4 E. D. S. 46; *Lawrence* v. *Marshall*, 53 N. Y. 23; *Haskin* v. *Kelly*, 1 Robt. 173; Jones on Pledges, §§ 542, 592; *Holmes* v. *Holmes*, 12 Barb. 138; *Becker* v. *Boon*, 61 N. Y. 322; *Jeannet* v. *Theasau*, 1 Law Bul. 28; *Mela* v. *Geis*, 3 Civ. Pro. Rep. 152; *Wheelock* v. *Tanner*, 39 N. Y. 481; *Edwards* v. *Farmers*, 21 Wend. 467.) If the bailee was without excuse for refusing to return the property upon tender, he became liable to the bailor in replevin, in trover, in *assumpsit*; or in action for the debt the bailor might recoup or counter-claim. (*Stearns* v. *Marsh*, 4 Den. 227; Jones on Pledges, §§ 543, 566; Code, § 501; *Tuthill* v. *Morris*, 81 N. Y. 95.) It is no objection that the counter-claim arose after suit brought. (*Willis* v. *Chipp*, 9 How. Pr. 568.) Any act which negatives or is inconsistent with owner's right of property or possession amounts, *in law*, to a conversion. (*Boyce* v. *Brockway*, 31 N. Y. 493; *Laverty* v. *Snethen*, 68 id. 524; *Pease* v. *Smith*, 24 Alb. L. J. 535.) Delivery to party entitled protects bailee, and he may defend in the right of such party after such delivery. (Jones on Pledges, §§ 568, 569; *Bates* v. *Stanton*, 1 Duer, 79; *W. T. Co.* v. *Barber*, 56 N. Y. 552; *Stowell* v. *Otis*, 71 id. 36; *Blivin* v. *Hudson R. R. R.*, 35 Barb. 188; 36 N. Y. 403; *Barnard* v. *Kobbe*, 54 N. Y. 517; *Rogers* v. *Weir*, 34 id. 463.) A reasonable excuse for temporary withholding made in good faith is no conversion, but refusal on a ground, false or deceptive, is conclusive evidence of conversion. (*Holbrook* v. *Wight*, 24 Wend. 177; *Carroll* v. *Mix*, 51 Barb. 212; *McEntie* v. *Steamboat*, 45 N. Y. 37; *Ball* v. *Lincy*, 48 id. 6; *Mitchell* v. *Williams*, 4 Hill, 13.) It is essential to interpleader whether in equity or under the Code, that the party asking the relief shows affirmatively that he is free from collusion and that he brings the property in dispute into court. (Story's Eq. Jur., §§ 809, 812; Story's Eq. Pl., §§ 291, 294, 297; Code, § 820.) Defendant could have brought an action in the nature of a bill of interpleader

in equity. (*McKay* v. *Draper*, 27 N. Y. 256 ; *Ball* v. *Lincy*, 48 id. 6 ; *Bedell* v. *Hoffman*, 2 Paige, 199 ; *Leucas* v. *London Dock*, 4 B. & S. 378.)

*Wm. Henry Arnoux* for respondent. The Court of Appeals has no jurisdiction over this action and the appeal should be dismissed. (*Boreel* v. *Lawton*, 90 N. Y. 293.) Damages arising from a conversion cannot be counter-claimed against an action on contract. (*Chambers* v. *Lewis*, 10 Abb. 206 ; 11 id. 510 ; *Piser* v. *Stearns*, 1 Hilt. 86.) The only available tender that can be made after action brought is prescribed by section 732 of the Code, which requires that, in case of such a tender, it shall be made with costs to the time of tender, and that, if not accepted, it must be paid into court and written notice of such payment must be served upon the attorney within ten days thereafter. (*Becker* v. *Boon*, 61 N. Y. 317 ; *Brown* v. *Ferguson*, 2 Denio, 196 ; *Simpson* v. *French*, 2 Hill, 538 ; Tidd's Pr. 669 ; Graham's Pr. 249, 257.) The tender was not well pleaded because it was made after suit brought. (*Kunzler* v. *Kohans*, 3 Hill, 317 ; *Torins* v. *Wilcox*, 12 Wend. 303 ; *Lee* v. *Levy*, 4 Barn. & Cres. 390 ; *Morris* v. *Cook*, 19 Wend. 699 ; *Wheeler* v. *Allen*, 51 N. Y. 37 ; *Heidenheimer* v. *Wilson*, 31 Barb. 636 ; *Rice* v. *O'Conner*, 10 Abb. 362.) As matter of law, the alleged tender being conditional, was not a valid tender for any purpose. (*Brooklyn B'k* v. *DeGrauw*, 23 Wend. 341 ; *Wood* v. *Hitchcock*, 20 id. 47 ; *Roosevelt* v. *Bull's Head Bk.*, 45 Barb. 579 ; *Story* v. *Krewson*, 55 Ind. 397 ; *Cushman* v. *Martin*, 50 How. Pr. 337 ; *Heclas* v. *Slevin* 53 id. 357 ; *Clark* v. *Mayor, etc.*, 1 Keyes, 9 ; *Rose* v. *Duncan*, 49 Ind. 269.) A demand after suit brought is not sufficient to make a conversion. (*Goodwin* v. *Wertheimer*, 99 N. Y. 149.)

MILLER, J. There is no ground for the contention of the respondent's counsel that this court has no jurisdiction over the appeal in this action.

The claim of the defendant which is sought to be interposed

as a defense to the plaintiff's demand arose out of the contract between them, and was connected with and constituted a part of the transaction. It would have been a defense by way of recoupment before the Code, and it now comes within the provisions of the Code of Civil Procedure.

The principal question arising upon this appeal relates to the validity of the tender made by the defendant of the amount due upon the note and his demand of the property which had been pledged as collateral security for the same. This tender was made for the amount of the note, interest and costs, after the commencement of the action, upon condition that the plaintiff return the property pledged. The plaintiff sets up in reply to the defense of the tender, that before the tender was made an action had been commenced against him by a third party (the wife of the defendant) for a portion of the property, and the defendant in this action was notified of that action and had become a party thereto, and that plaintiff, at the time of the alleged tender, had offered to return to the defendant the property for which suit had not been brought, upon payment of the note, but defendant had refused to accept such portion and to make payment.

The evidence upon the trial established the fact that the diamonds held by the plaintiff were pledged to him by the defendant as security for the payment of the promissory note in suit. The plaintiff, therefore, was a bailee of the same and only had the right to retain them until his debt was paid. Upon payment being made he was bound to return the, goods, and upon refusal to do so, became liable to the bailor in replevin or in an action of trover or *assumpsit*. If he sued upon the note the bailor would have had a clear right to recoup or counter-claim against his demand the value of the property pledged, if a tender had been made before suit brought. If the action was for a recovery of the goods, then the court, no doubt, would have the right to make provision that the debt be paid before the property was delivered. (*Tuthill* v. *Morris*, 81 N. Y. 95.) If the action were for trover then the debt should be deducted from the actual value of the property pledged. The tender here

was made after the suit was brought and included the principal and interest of the debt and the costs of the action as far as it had proceeded. Being a conditional tender, and depending upon the return of the property, which was demanded, there would seem to be no obligation on the part of the defendant to pay the money into court, as in that event the plaintiff would have been entitled to the money absolutely. He had no right to it without the return of the goods and, as that was refused, no reason exists why the defendant should pay the money into court. The plaintiff was fully protected without the defendants so doing, as he retained the property in his possession. The obligations of the pledgor and pledgee are mutual, concurrent and reciprocal. Where either party performs, he is entitled to performance by the other as a condition of his own performance. The refusal of either, where performance is tendered, furnishes ground for an action. (*Holmes* v. *Holmes*, 12 Barb. 138.) Tender is not required in such a case by a deposit in court for the reason that a payment into court is unconditional, and from that time the money becomes the property of the plaintiff absolutely. (*Becker* v. *Boon*, 61 N. Y. 322.)

If a deposit were made without a delivery of the goods the pledgor might lose his money and afterward fail to obtain his goods or be left to an action for the recovery of the same. A tender of performance may always be restricted by such conditions as by the terms of the contract are conditions precedent, or simultaneous, or proper to be performed by the party to whom tender was made. (*Wheelock* v. *Tanner*, 39 N. Y. 481.) It may also be made at any time and place and even after suit brought. Where the tender has only the effect of extinguishing the lien and does not discharge the debt, bringing the money into court is not required (*Kortright* v. *Cady*, 21 N. Y. 343), and the debt may be enforced after the lien is discharged.

The Code has made no radical change in the law of tender. It refers only to that class of tenders which are considered as satisfying and discharging debts. It has no application to cases where a tender is made of purchase-money on

condition of the delivery of the deed, and tender of debt, on condition of a return of pledge, and cases of a similar character.

It follows that it was not necessary to bring the money into court to make the tender valid, and if the defendant had title to the property the lien of the plaintiff on the same was discharged and he became liable to the plaintiff for the goods or the value thereof.

We have examined the cases cited by the respondent's counsel which it is claimed sustain a different doctrine in regard to the tender in a case like the present, and we think none of them are applicable to the facts presented in this case.

The claim that the defendant has no right to embody in his answer, without leave of the court, any matter arising after the commencement of the action in a case like this, and that the same can only be properly pleaded in continuance of the action and not as a bar, is not well founded. The defendant had clearly a right in a proper manner to set up the defense interposed by answer. Having done so and the answer having been received and not returned, and no objection made to the same before trial, and the plaintiff having allowed the trial to proceed without any objection and obtained judgment, even if originally it was necessary to apply to the court to set up the defense interposed, it is now too late to insist that it was improperly pleaded because leave was not obtained from the court. By consenting to the proceedings had, the plaintiff acquiesced in their regularity and waived the objection urged, if it had any merit whatever. He is not in a position now to claim that leave of the court should have been obtained to set up the defense set forth in the answer.

It only remains to be considered whether the conceded facts in the pleadings and the proof upon the trial show a conversion of the property. Unless the refusal to return the property was justified there was clearly a conversion of the same by the plaintiff, and the defendant had a right of action for the recovery of the value thereof or of the property itself, or to interpose the defense set up by him as a counter-claim to the plaintiff's demand. We are unable to discover any ground upon

which the plaintiff could establish a right to retain the property after a demand, if the defendant was entitled to the same as the owner thereof. The fact that a portion of the property was claimed by another person, and that a suit had been brought for a recovery thereof, and that the defendant had been made a party defendant in said action, furnishes no justification for the refusal. If the defendant was the owner of the property he had a right to it, and the plaintiff was not justified in refusing to comply with his demand for the reason that it was claimed by, and a suit had been brought for the recovery thereof by a third person. If he unlawfully refused to surrender the goods to the true owner, when demanded, he must abide the consequences of his own act. So long as the plaintiff retained possession without right he was liable to the true owner for the same or the value thereof. A delivery to the true owner would have been an entire protection to the plaintiff and a complete defense to the action brought against him.

The plaintiff as bailee had no right to deny the title of the defendant as bailor, if he, the bailor, was the true owner of the property. If there were conflicting claims to the same, the plaintiff had a complete remedy by bringing an action in the nature of a bill of interpleader, making the claimants parties thereto, and in that form of an action it could be determined who was the true owner of the property. In that way he could have avoided all risk or hazard. Having thus failed to assert his rights, he is in no position to claim that the action brought against him bars the right of the defendant to counterclaim his demand in this action. (*Welch* v. *Sage*, 47 N. Y. 143.)

The action brought by the wife of the defendant and to which the defendant was made a party was no protection to the defendant. She had a right to discontinue it at any time. If determined adversely to her, defendant was without any relief whatever in that action. He would still be left to an action against respondent to recover the property or the value thereof. The controversy might thus be extended beyond reasonable limits to the defendant's injury if he was the true

owner, and possibly to his eventual loss by the long delay. The pendency of this action was clearly no answer to the defense interposed by the defendant. By a bill of interpleader the whole matter could have been disposed of in a single action.

It follows that the ruling of the court on the trial, that the plea of tender was not good because the money was not brought into court and kept there, was clearly erroneous as well as the decision of the court directing a verdict in favor of the plaintiff.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except RUGER, Ch. J., dissenting.

Judgment reversed.