HUNTER v. FISS.

(Supreme Court, Appellate Division, First Department. March 11, 1904.)

1. BILLS AND NOTES—ACTIONS—COUNTERCLAIMS—JUDGMENT ON FAILURE TO REPLY.

Code Civ. Proc. § 502, subd. 2, provides that: "If the action is upon a negotiable note or bill of exchange which has been assigned to the plaintiff after it became due, a demand, existing against a person who has assigned or transferred it after it became due, must be allowed as a counterclaim to the amount of the plaintiff's demand, if it might have been so allowed against the assignor, while the note or bill belonged to him."

*Held,* that a demand which may be set up thereunder was not to be distinguished from any other counterclaim, and therefore, when properly pleaded as such, it must be replied to or defendant may take such judgment as he may be entitled to on a failure to do so.

**2. SAME.**

In an action on a note assigned to plaintiff after maturity for failure to reply to counterclaims growing out of demands against the plaintiff's assignor, defendant served notice of a motion under Code Civ. Proc. § 515, for judgment on the counterclaims, dismissing the complaint, with costs, "or for such other and further relief as to the court may seem proper." *Held,* that defendant was not entitled to an absolute dismissal of the complaint, as that would have resulted in a judgment on the merits destroying his liability, and yet leaving the counterclaims open to enforcement against plaintiff's assignor, but that, as the notice of motion was broad enough to afford defendant any affirmative relief to which he was entitled, under its terms he should have been allowed to take a proper judgment.

Appeal from Special Term, New York County.

Action by Wilson R. Hunter against William Fiss to recover on a promissory note. · From an order denying a motion for judgment on the counterclaims contained in his answer, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

August Becker, for appellant.
John W. Ingram, for respondent.

PATTERSON, J. The question presented on this appeal arises upon a motion made by the defendant for judgment upon matters set up as counterclaims contained in the defendant's answer, and which as counterclaims were not replied to. It was a special motion made under the provisions of section 515 of the Code of Civil Procedure, by which it is enacted that:

"If the plaintiff fails to reply or demur to the counterclaim, the defendant may apply, upon notice, for judgment thereupon; and if the case requires it, a reference may be ordered or a writ of inquiry may be issued, as prescribed in chapter 11 of this act, where the plaintiff applies for judgment."

The defendant's application was denied on the ground, apparently, that all that he sought was a dismissal of the plaintiff's complaint. The action is upon a promissory note for a thousand dollars, made by the defendant, payable to H. N. Vedder. The complaint alleges the delivery of this note to Vedder, and that prior to the commencement of the action it was assigned and transferred to the plaintiff. Although not appearing by the complaint in so many words, it is conceded that the note was assigned and transferred to the plaintiff after its maturity. Such being the fact, it was open to the defendant to set up by way of counterclaim indebtedness of the assignor of the note to him, the defendant, to an extent sufficient to extinguish the claim arising on the cause of action set out in the complaint. It is provided by subdivision 2 of section 502 of the Code of Civil Procedure that:

"If the action is upon a negotiable promissory note or bill of exchange, which has been assigned to the plaintiff after it became due, a demand, existing against a person who assigned or transferred it after it became due, must be allowed as a counterclaim to the amount of the plaintiff's demand, if it

might have been so allowed against the assignor, while the note or bill belonged to him."

Under this permissive provision of the Code the defendant set up several counterclaims, each of which on its face is good as against the assignor of the note at the time such assignor held it. It is idle to speculate as to the status of these counterclaims, for we are not required to go beyond the terms of section 502 to ascertain that. It is specifically required that the demand existing against the assignor be allowed as a counterclaim. A demand that may be set up under that section acquires ex vi termini the status of a counterclaim. It is to be pleaded as such, could not be allowed unless it were so pleaded, and it necessarily follows that, if it is properly pleaded as a counterclaim, it must be replied to, or the defendant may take such proper judgment as he may be entitled to by reason of a failure to reply. There is no distinction between a counterclaim under this section of the Code and any other counterclaim. There is but one rule of pleading applying to counterclaims.

If this is the correct view, it follows that the defendant was entitled to judgment on the counterclaims; not to an absolute dismissal of the complaint, but to a proper judgment; one which would establish the rights of the parties under the pleadings. The learned judge below denied the motion on the ground that the defendant was not entitled to an absolute dismissal of the complaint. He was right in so holding, but the notice of motion served by the defendant was sufficient to entitle him to a proper judgment on the pleadings. The motion was made "for judgment dismissing the complaint, with costs, upon the counterclaims contained in the defendant's answer herein, or for such other and further relief as to the court may seem proper." That notice was broad enough to afford the defendant any affirmative relief to which he was entitled. Under the terms of this notice of motion, the defendant should have been allowed to go on, and take that proper judgment. He was not entitled to an absolute dismissal of the complaint, because that would have resulted in a judgment on the merits, destroying the defendant's liability on the promissory note, and yet leaving all the counterclaims open to enforcement against the plaintiff's assignor.

We think, therefore, the order should be reversed, with $10 costs and disbursements of appeal, and, inasmuch as a proper judgment must be framed, the motion should be remitted to the Special Term for further consideration. All concur.