REUSENS v. ARKENBURGH.

(Supreme Court, Appellate Division, First Department. December 3, 1909.)

1. APPEAL AND ERROR (§ 1041*)—AMENDMENT OF COMPLAINT WITHOUT PREJUDICE.

Where, after the court amended the first of two counts in a complaint, both counts became substantially the same, defendant was not prejudiced by the amendment, even if the amended count did not originally state a cause of action, as plaintiff had the right, without any amendment, to proceed on the second, which was in effect what he did as a result of the amendment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4106–4109; Dec. Dig. § 1041.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. I' 07 to date, & Rep'r Indexes.

2. INTEREST (§ 60*)—RIGHT TO COMPOUND INTEREST—NECESSITY OF EXPRESS PROMISE.

In the absence of an express promise to pay compound interest, no recovery therefor can be had.

[Ed. Note.—For other cases, see Interest, Cent. Dig. § 134; Dec. Dig. § 60.*]

3. INTEREST (§ 6*)—PROMISE TO PAY COMPOUND INTEREST—WHAT CONSTITUTES.

Mere silent acquiescence in an account stated does not constitute an express promise to pay compound interest.

[Ed. Note.—For other cases, see Interest, Cent. Dig. § 13; Dec. Dig. § 6.*]

4. INTEREST (§ 6*)—PROMISE TO PAY COMPOUND INTEREST—NECESSITY OF CONSIDERATION.

An express promise to pay compound interest included in an account stated would be a nudum pactum, and unenforceable, in absence of consideration therefor.

[Ed. Note.—For other cases, see Interest, Cent. Dig. § 13; Dec. Dig. § 6.*]

5. INTEREST (§ 5*)—COMPOUND INTEREST—AGREEMENT TO PAY BEFORE INTEREST ACCRUES—PUBLIC POLICY—CONSIDERATION.

An agreement to pay interest on interest before the interest has accrued is against public policy, and the only instance in which such an agreement to pay compound interest is enforceable is where the agreement is made after the interest to be paid has become due, and where there is a sufficient consideration.

[Ed. Note.—For other cases, see Interest, Cent. Dig. § 12; Dec. Dig. § 5.*]

6. TENDER (§ 21*)—EFFECT AS DISCHARGING DEBT.

A debt is not discharged by a tender which was refused.

[Ed. Note.—For other cases, see Tender, Cent. Dig. § 61; Dec. Dig. § 21.*]

7. ACTION (§ 11*)—TENDERING RETURN OF COLLATERAL SECURITY AS CONDITION PRECEDENT.

It is not incumbent on plaintiff, in an action at law on an obligation to pay money, or for moneys loaned or expended at defendant's request, to tender the return of collateral security.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 11.*]

8. TENDER (§ 24*)—NECESSITY OF KEEPING GOOD BY PAYMENT INTO COURT.

The right to recover in an action at law on an obligation to pay money, or for moneys loaned or expended at defendant's request, cannot be affected by a tender of the amount due, unless kept good by paying it into court, as provided in Code Civ. Proc. §§ 731–734.

[Ed. Note.—For other cases, see Tender, Cent. Dig. §§ 79–94; Dec. Dig. § 24.*]

9. APPEAL AND ERROR (§ 1151*)—REDUCTION OF RECOVERY ON APPEAL.

Though it is quite improbable that the record would be changed on another trial, in a case wherein it is necessary to reverse on account of an excessive recovery, the appellate court cannot reduce the recovery, unless plaintiff consents thereto.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4498–4506; Dec. Dig. § 1151.*]

Appeal from Trial Term, New York County.

Action by Guillaume Reusens against Oliver M. Arkenburgh. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial granted, unless plaintiff stipulates to deduct a certain amount from the recovery.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Harry A. Gordon (Herman B. Goodstein, on the brief), for appellant.
Edgar J. Nathan, for respondent.

LAUGHLIN, J. The plaintiff has recovered on an account stated for moneys loaned and advanced, which included compound interest, being interest upon the interest in the account as stated from year to year. The complaint contains two counts for the recovery of the same amount. The first count was for moneys loaned to and paid out for the defendant. The second count was on an account stated, evidently on the same liability. At the opening of the trial, counsel for the defendant moved to dismiss the first cause of action. The court thereupon stated that the first count in the complaint was amended to make it on an account stated, in effect the same as the second. Counsel for the appellant duly excepted, and urges the exception as a ground for reversal. His theory is that the first count did not state a cause of action, owing to the fact that, instead of pleading facts, conclusions of law were stated therein, and that the court was not warranted in changing that cause of action into one upon an account stated. The answer to this contention is that the appellant has not been prejudiced. The plaintiff had the right, without any amendment of the pleading, to proceed on the second count, and that is in effect what he has done, for by the amendment both counts became substantially the same.

The business dealings between the parties which gave rise to the cause of action originated in an application made by the defendant to the plaintiff on the 26th day of October, 1896, for a loan of $2,100. The money was loaned, and as security therefor the defendant delivered to the plaintiff two policies of insurance on his own life, issued by the Equitable Life Assurance Society. The plaintiff thereafter paid the annual premiums on the policies. There were two other accounts between the parties, involving loans made by the plaintiff to the defendant; but by mutual consent separate accounts of the three loans were kept. The plaintiff annually rendered an account in writing to the defendant with respect to these three loans, stating in each instance separately the balance due on account of each loan on a specified date. In making up each account, the interest on the preceding account was figured on the total amount, and the principal and interest were together used as a new principal for computing interest. The second of these accounts was rendered in the early part of 1898. It evidently showed that compound interest was being charged; for the defendant testified that he had an interview with the plaintiff concerning it, in which he explained his inability to pay the amount at that time, and stated that he could not afford to pay compound interest, to which, according to his testimony, the plaintiff replied: "You pay me my money, and I will protect you." The plaintiff denies that he had any conversation with the defendant concerning compound interest.

The learned counsel for the plaintiff recognizes the rule that, in the absence of evidence of an express promise to pay compound interest,

no recovery therefor can be had (Guernsey v. Rexford, 63 N. Y. 631), and he seeks to sustain the recovery upon the theory that, the account stated having been accepted without objection, there was an implied promise to pay the balance shown thereon, and in some instances in letters an express promise to pay it. With the exception of the objection made to the compound interest, to which reference has been made, it does not appear that the defendant objected to the account stated; but mere silent acquiescence in the account stated would not constitute an express promise to pay compound interest, and it was long since settled by the Court of Appeals in Young v. Hill, 67 N. Y. 162, 23 Am. Rep. 99, that even an express promise to pay compound interest included in an account stated would be a nudum pactum, and unenforceable, in the absence of evidence of a consideration therefor. There are letters in the record from which it may be argued that the defendant did promise to pay certain of these accounts stated after he knew that they included compound interest; but the other essential element, namely, consideration, is wanting. There is no evidence of a valid agreement for the extension of time for payment, or for forbearance, or consideration of any other name or nature, to support the promise. Moreover, it was held by the Court of Appeals in Young v. Hill, supra, that an agreement to pay interest upon interest before the interest has accrued is against public policy, and that the only instance in which an agreement to pay compound interest is enforceable is where the agreement is made after the interest upon which interest is to be paid has become due, and where there is a sufficient consideration for the agreement. Upon no theory can it be determined from this record that there was an express promise to pay interest upon interest with respect to each of these accounts stated, after interest included therein became due and payable. The recovery, therefore, could not be sustained, even if there were an express promise in some instances to pay compound interest for a good consideration.

The appellant insists that the action cannot be maintained without proof of tender of the securities, for the reason that, prior to its commencement, his counsel duly tendered to the plaintiff the amount due on the last account, less compound interest—in other words, the amount of the moneys loaned and paid out on account of the defendant, with simple interest thereon to the date of such tender—and demanded the return of the insurance policies. Doubtless that tender discharged the plaintiff's lien on the insurance policies, and, had the defendant in this action interposed a counterclaim for conversion thereof, it probably would be sustained. Cass v. Higenbotam, 100 N. Y. 248, 3 N. E. 189. The defendant set up the tender in his answer, and the refusal thereof, but asked no affirmative relief. The debt was not discharged by the tender, which was refused; and this action is to recover the indebtedness. It is not incumbent on the plaintiff, in an action at law on an obligation for the payment of money, or to recover for moneys loaned or expended at the request of the defendant, to tender the return of collateral security; nor can his right to recover be affected by a tender of the amount due, unless the tender be kept good by paying it into court, as provided in the Code of Civil Procedure. Code Civ.

Proc. §§ 731–734. It is quite improbable that the record would be changed on another trial; but we cannot reduce the recovery, unless the plaintiff consents thereto.

The judgment and order should therefore be reversed, and a new trial granted, with costs to appellant to abide the event, unless the plaintiff stipulates to deduct from the recovery the amount of compound interest included therein, together with interest thereon, in which event the judgment will be modified accordingly, and, as modified, affirmed, without costs. The order should be settled on notice. All concur.