## CROMPTON v. SEAICH.

(Supreme Court, Appellate Division, First Department.  January 20, 1911.)

1. APPEAL AND ERROR (§ 916*)—PRESUMPTIONS—PLEADINGS.

The court, on appeal from an order directing judgment on counterclaims on contracts not connected with the subject-matter of the plaintiff's action, on the ground that no reply or demurrer had been interposed to the counterclaims, must assume that the complaint demanding judgment in excess of the counterclaims states a good cause of action.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3702; Dec. Dig. § 916.*]

2. PLEADING (§ 349*)—JUDGMENT ON PLEADINGS—STATUTES.

Under Code Civ. Proc. §§ 514, 515, providing that the reply must contain a general or special denial of each material allegation of the counterclaim controverted by the plaintiff, and that it may set up new matter not inconsistent with the complaint constituting a defense to the counterclaim, and providing that, if plaintiff fails to reply or demur to the counterclaim, defendant may apply for judgment thereon, a defendant setting up counterclaims on contracts not connected with the subject-matter of plaintiff's claim for a sum less than the plaintiff's demand, is not entitled to judgment on the counterclaims on the failure of plaintiff to reply or demur, but the amount due can only be determined on a trial.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 349.*]

Appeal from Special Term, New York County.

Action by William Crompton against William H. Seaich. From an order granting an application for judgment on two counterclaims, to which no reply or demurrer was served, plaintiff appeals.  Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Fettretch, Silkman & Seybel (Joseph Fettretch, of counsel), for appellant.

Simpson, Thacher & Bartlett (Graham Sumner, of counsel), for respondent.

CLARKE, J.  The complaint demands judgment for $30,000 with interest from the 2d day of June, 1908, alleged to be the reasonable value of services rendered to the defendant, at his request, in negotiations for the disposition of his business, plant and good will.  The answer sets up two counterclaims upon contract, but in no way connected with the subject-matter of the plaintiff's claim: first, upon a promissory note for $2,544.06, with interest from May 14, 1907, and, second, for money loaned to the amount of $2,324.40—making a total of $4,-868.46.  No reply or demurrer was interposed to these counterclaims, and the defendant moved for judgment upon the counterclaims under section 515 of the Code of Civil Procedure.  Said motion was granted and from the order directing judgment, this appeal is taken.

Section 515 of the Code of Civil Procedure provides as follows:

"If the plaintiff fails to reply or demur to the counterclaim, the defendant may apply, upon notice, for judgment thereupon.  * * * "

By not replying to the counterclaims the plaintiff has admitted the causes of action therein set up.  He says that in truth and in fact the

only defense that he has to the counterclaim for $4,868.46 therein alleged, is his claim for $30,000 alleged in the complaint, and that it would be an idle ceremony to reassert the said claim in a reply to the defendant's counterclaims and that there is no warrant for such practice.

Section 514 provides that the reply must contain a general or specific denial of each material allegation of the counterclaim controverted by the plaintiff or of any knowledge or information thereof sufficient to form a belief; and it may set forth in ordinary and concise language, without repetition, new matter not inconsistent with the complaint constituting a defense to the counterclaim. But the plaintiff at bar cannot interpose a general or specific denial of any of the material allegations of either counterclaim, and he has no new matter to set up constituting a defense to the counterclaim and not inconsistent with the complaint without repetition.

Assuming, as we must upon this appeal, that the complaint sets up a good cause of action, if section 515 absolutely requires the granting of a judgment upon the counterclaims immediately upon the expiration of the time limited for the service of a reply, where no reply has been interposed, we have the anomaly of a final judgment in an action, with the right to issue execution thereupon, with the main issue still undetermined, requiring a trial for the proper disposition thereof, and the entry of a second judgment, perhaps years afterwards, in the same action. We do not believe that such was the purpose or intent of the provision cited. The interposition of counterclaims based upon contract was intended to permit the settlement at one time and in the same action of controversies of the same class pending betweeen the parties, to the end that upon such settlement judgment should be entered for the balance ultimately found due in the adjustment of the several claims.

The practice followed in the case at bar might lead to injustice and cause the statutory provision, intended to secure an equitable adjustment of several independent controversies, to produce a highly inequitable result. In construing section 154 of the Code of Procedure, as amended by chapter 392 of the Laws of 1863, the source of section 515, Lott, J., in 1865, said in Kelsey v. Tremain, 29 How. Prac. 439:

"A defendant, to avail himself of the benefit of that provision, must make out a case entitling him to a judgment for some amount. If he admits the plaintiff's claim, or puts it in issue in his answer, he must, for the purposes of the motion under that section, be considered as conceding the plaintiff's right of recovery to the amount of his claim. A counterclaim, when admitted, will not entitle the defendant to a judgment for the full amount thereof, unless the plaintiff fails to establish his cause of action, and he can only recover the excess over the plaintiff's recovery when the plaintiff succeeds as to any part of his claim. The plaintiff by omitting to reply to a counterclaim, only admits that every material allegation constituting it 'shall, for the purposes of the action, be taken as true.' The effect of that admission is that the amount so counterclaimed may be deducted from the plaintiff's claim, but it by no means concedes that the defendant shall be entitled to the recovery of the entire sum, irrespective of the demand made by the complaint."

It is claimed that Hunter v. Fiss, 92 App. Div. 164, 86 N. Y. Supp. 1121, is a controlling authority in favor of the order appealed from.

In that case the action was upon a promissory note. By way of counterclaim the defendant set up an indebtedness to an amount sufficient to extinguish the claim arising on the cause of action set out in the complaint. The counterclaim was not replied to. A motion was made at Special Term "for judgment dismissing the plaintiff's complaint, with costs, upon the counterclaim contained in the defendant's answer herein, or for such other or further relief as to the court may seem proper." The Special Term denied the motion on the ground that the defendant was not entitled to an absolute dismissal of the complaint. This court said:

"He was right in so holding, but the notice of motion served by the defendant was sufficient to entitle him to a proper judgment on the pleadings. * * * Under the terms of this notice of motion the defendant should have been allowed to go on and take that proper judgment. He was not entitled to an absolute dismissal of the complaint because that would have resulted in a judgment on the merits, destroying the defendant's liability on the promissory note, and yet leaving all the counterclaims open to enforcement against the plaintiff's assignor. We think, therefore, the order should be reversed, * * * and inasmuch as a proper judgment must be framed, the motion should be remitted to the Special Term for further consideration."

In that case it will be seen that the counterclaims, which were admitted, completely wiped out the plaintiff's claim, and therefore, no matter what the plaintiff might have proved, he could not have obtained a judgment, but the court held a dismissal of the complaint was not authorized, but only the entry of a proper judgment, and such a judgment as is clearly indicated as would finally dispose of the whole controversy. This could only mean an establishment of the plaintiff's right to have applied against the defendant's counterclaim, which he admitted, the amount claimed upon the note upon which he sued, and the entry of one final judgment for the balance. In the case at bar, however, the plaintiff's claim is many times larger than the defendant's admitted counterclaim, but the amount due thereon can only be determined upon a trial, and therefore no proper judgment can be entered until the determination of that controversy.

The motion for judgment, therefore, is premature and as the notice was confined to a demand for the entry of judgment, the order appealed from must be reversed, leaving to the final judgment in the action the awarding of the appropriate relief upon the concededly admitted counterclaims.

The order appealed from, therefore, should be reversed, with $10 costs and disbursements to the appellant, and the motion denied, with $10 costs. All concur.