(143 App. Div. 284.)

## CROMPTON v. SEAICH.

(Supreme Court, Appellate Division, First Department.    March 24. 1911.)

1. JUDGMENT (§ 107*)—DEFAULT IN PLEADING.

Where the amount claimed in the complaint exceeds the amount of counterclaims, a motion for judgment on the counterclaims, to which there has been no reply or demurrer, cannot be entertained until the issue raised by the complaint and so much of the answer as constitutes a defense thereto has been disposed of.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 198–200; Dec. Dig. § 107.*]

2. JUDGMENT (§§ 107, 119*)—DEFAULT IN PLEADING—TIME FOR APPLICATION FOR JUDGMENT.

In such a case, where the complaint was dismissed at the trial, the counterclaims standing confessed, defendant was entitled to judgment on the counterclaims, and it was not necessary that application therefor be made at Trial Term, at the same time that the issues were tried.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 198–200, 208–220; Dec. Dig. §§ 107, 119.*]

Appeal from Special Term, New York County.

Action by William Crompton against William H. Seaich.   From an order denying a motion for judgment on counterclaims, defendant appeals.   Reversed, and motion granted.

See, also, 126 N. Y. Supp. 817.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Graham Sumner, for appellant.
Joseph Fettretch, for respondent.

SCOTT, J.    Defendant appeals from an order denying his motion for judgment under section 515, Code Civ. Proc.   The plaintiff sued for $30,000, claimed to be the value of certain stock, which, as it was alleged, defendant had agreed to deliver to plaintiff.   The answer included a defense to the plaintiff's cause of action, and two counterclaims, one upon a promissory note, and one for money loaned; the two together aggregating $4,865.46.   No reply was served to either of these counterclaims, and the defendant thereupon became entitled to move for judgment thereon.   Section 515, Code Civ. Proc. There still remained to be disposed of, however, the issue raised by the complaint and so much of the answer as constituted a defense thereto; and, as the amount claimed in the complaint exceeded the amount of the counterclaims, a motion for judgment on the counterclaims could not be entertained until the issue raised as to plaintiff's claim had been disposed of.   This we recently held.   Crompton v. Seaich, 126 N. Y. Supp. 817.   Now, that issue having been disposed of by the dismissal of the complaint at Trial Term, no obstacle stands in the way of entering judgment for defendant on his counterclaims.

It is suggested that application should have been made at Trial Term, at the same time that the issues were tried.   It is obvious that this view is erroneous.   There was no issue to try as to the counter-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

claims. They stood confessed. All that could properly be disposed of at Trial Term were the issues raised by the complaint and the defense thereto contained in the answer. Muldoon v. Blackwell, 84 N. Y. 646, relied on to sustain the order appealed from, is wholly inapplicable. In that case the answer was ambiguous, and it was not apparent whether or not a counterclaim was intended to be pleaded. The Court of Appeals said that, having omitted to insist upon his counterclaim in the court below, the defendant could not, for the first time, seek to avail himself of it on appeal. In the present case the defendant's claim arose before the trial of the issues, and when those issues had been tried, and the sole obstacle to an entry of judgment upon the counterclaim had been removed, he promptly moved for judgment.

Order appealed from reversed, with $10 costs and disbursements, and motion granted, with $10 costs. All concur.