## STRATTON v. GRAHAM.

(Supreme Court, Special Term, Queens County.    March 6, 1913.)

1. TENDER (§ 24*)—KEEPING TENDER GOOD—DISCHARGING LIEN ON COL-
LATERAL.
    While a tender, to affect right of recovery on the debt, must both at
    common law and under Code Civ. Proc. § 731 et seq., be kept good by
    payment into court, a tender, with demand for return of collateral se-
    curity, need not be so kept good, to discharge the creditor's lien on the
    security and give the debtor a counterclaim for the security.
        [Ed. Note.—For other cases, see Tender, Cent. Dig. §§ 79–81, 94; Dec.
    Dig. § 24.*]

2. ATTORNEY AND CLIENT (§ 98*)—TENDER TO PLAINTIFF'S ATTORNEY—DIS-
CHARGING LIEN ON COLLATERAL.
    Tender, which will discharge the lien on collateral security, being made
    after commencement of action on the debt, may be made to plaintiff's
    attorney; he having implied authority to receive payment of the de-
    mand, with interest and costs, and to surrender the security.
        [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 190–
    195, 206–208; Dec. Dig. § 98.*]

3. PLEADING (§ 343*)—JUDGMENT ON PLEADINGS—COUNTERCLAIMS.
    Though the answer does not deny any material allegation of the com-
    plaint, yet where it sets up a counterclaim for an amount exceeding
    plaintiff's claim, plaintiff may not have judgment for his demand till the
    issues arising on the counterclaim have been adjudicated.
        [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1048–1051;
    Dec. Dig. § 343.*]

Action by E. Platt Stratton against Elizabeth J. Graham. Plaintiff
moves for judgment on the pleadings, consisting of an amended com-
plaint, the answer thereto, and plaintiff's reply to a counterclaim in
the answer. Motion denied.

Weed, Henry & Meyers, of New York City, for the motion.
Herbert C. Mason, of New York City, opposed.

BENEDICT, J. [1] As this motion is made by the plaintiff, it is
necessary to consider only the sufficiency of the answer. The amended
complaint states a simple cause of action for money paid by plaintiff
to defendant's use. The answer does not effectually deny any material
allegation of the amended complaint, but sets up as a counterclaim
a cause of action in replevin for certain diamonds, alleged to have been
deposited by defendant with plaintiff as security for the sums stated
in the amended complaint to have been advanced for defendant's use
by the plaintiff; it being further alleged that defendant tendered the
amount of plaintiff's claim, with interest and costs, to one of plaintiff's
attorneys, demanding at the same time a return of the security, and
that he rejected the tender and refused to surrender the security. Un-
der all the authorities, this counterclaim is good, even though the
amount tendered was not paid into court, if the tender was sufficient.
Cass v. Higenbotam, 100 N. Y. 248, 3 N. E. 189; Reusens v. Arken-
burgh, 135 App. Div. 75, 78, 119 N. Y. Supp. 821; Osterman v. Gold-
stein, 32 Misc. Rep. 676, 677, 66 N. Y. Supp. 506. Such a tender

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

should not be confused with a tender to discharge the debt, either at common law or under Code of Civil Procedure, § 731 et seq., which must be kept good by payment of the amount tendered into court. Such a tender as is here pleaded has only the effect of discharging the plaintiff's lien upon the security, but does not in any way affect his right to recover upon his cause of action, except in so far as it enables the defendant to plead a good counterclaim. In the case last cited it is said (32 Misc. Rep. 678, 66 N. Y. Supp. 507):

"There is a wide distinction * * * between a tender which operates to discharge a lien upon security given as collateral to the debt, and one which operates to discharge the indebtedness so as to prevent judgment upon it."

The effect of the tender and refusal in discharging the lien on the security gives the debtor, under the authorities above cited, a cause of action in trover to recover the value of the property pledged, and it would necessarily follow that he might recover the property itself if he chose.

[2] The vital question here is, therefore, whether the tender to the plaintiff's attorney was sufficient to discharge the lien. Had it been made to the plaintiff personally, no question could arise. Section 731 of the Civil Code not being applicable, the permission there given to make the tender to the plaintiff's attorney will not avail the defendant. It appears inferentially in paragraph 3 (c) of the answer that the tender was made after suit brought. It would seem that prior to the bringing of suit such a tender could be made only to the creditor, or to some agent having authority to receive payment of the debt and surrender the security, and who has the security in his possession for that purpose, and that these facts must be alleged as part of the cause of action. But after suit brought payment of the debt could not safely be made to the plaintiff directly because of the attorney's lien. Therefore I think that an attorney, who has brought suit on a secured demand, must be deemed to have implied authority to receive payment of the demand, with interest and costs of suit, and to surrender the security. The counterclaim is therefore good in law.

[3] Although the plaintiff's cause of action is not denied, yet, as defendant has interposed a counterclaim for an amount exceeding plaintiff's claim, plaintiff is not entitled to have judgment for his demand until the issues arising upon the counterclaim have been adjudicated. Crompton v. Seaich, 142 App. Div. 431, 126 N. Y. Supp. 817; Id., 143 App. Div. 284, 128 N. Y. Supp. 586; Walter v. Carroll, 140 N. Y. Supp. 868.

Motion denied, with costs.