JOHN T. CONNELL, Respondent, *v.* EQUITABLE MOTOR TRUCK COMPANY, INC., and EMIL LEINDORF, Appellants, Impleaded with AMERICAN MOTOR TRUCK COMPANY, Defendant.

Second Department, November 25, 1921.

Trial — action on promissory note — motion for dismissal of complaint for failure to serve reply to counterclaims properly denied where prayer for other or alternative relief was not made — order denying motion binding on Trial Term — motion for dismissal of defendants' counterclaims properly granted where defendants offered no proof in support thereof — evidence establishing consideration for note.

A motion for the dismissal of a complaint in an action on a promissory note for failure to reply to defendants' counterclaims was properly denied where the motion failed to ask for other or alternative relief.

*It seems*, that the order of the Special Term, denying the motion for dismissal of the complaint was binding on the Trial Term.

Plaintiff's motion for a dismissal of the counterclaims was properly granted, as the defendants offered no proof in support of the counterclaims, though the motion was made upon another ground.

Consideration for the note was proved where on the trial the plaintiff showed that it was indorsed and delivered before maturity and it appeared that at the time of the transfer of the note to a bank its maker was not aware of any claimed breach of contract by the payee as alleged by the defendants.

APPEAL by the defendants, Equitable Motor Truck Company, Inc., and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 22d day of June, 1921, upon the verdict of a jury rendered by direction of the court.

*Max Monfried*, for the appellants.

*John H. Corwin*, for the respondent.

KELLY, J.:

The complaint alleges that on November 15, 1920, the defendant Equitable Motor Truck Company, Inc., made a promissory note for $1,432 to the order of the American Motor Truck Company, payable sixty days after date with interest, for value received, and that before delivery the defendant Leindorf indorsed the note; that "thereupon" the American Company "duly" indorsed the note and delivered it to the First National Bank of Newark, Ohio, "and thereupon the said note lawfully came into the possession of the plaintiff for value, who is now the holder and owner thereof by assignment from said bank duly made, dated February 18, 1921."

The due date of the note was January fourteenth to seventeenth, and the alleged assignment to plaintiff was, therefore, after maturity. But the evidence in plaintiff's direct case showed that it was indorsed to the bank for value on November 29, 1920, fourteen days after its date.

The defendants answered separately. They each deny that the Equitable Motor Truck Company, Inc., the maker, received any value for the note, and deny knowledge or information

as to the indorsement and delivery of the note by the payee to the bank or the assignment of the note to the plaintiff.

And each defendant pleads the same counterclaim, alleging that on September 1, 1920, the Equitable Motor Truck Company, Inc., the maker, made a contract with the American Company, the payee, for the purchase of motor trucks manufactured by the latter company; that the Equitable Company (maker) was given the sole agency to sell said trucks in New York, North New Jersey and other parts of the United States; that the American Company agreed to " protect " the Equitable Company in the sale of the trucks, in that it would sell no trucks of the same description in the territory and permit no such trucks to be sold in the territory, and that no such trucks should be sold by the American Company or any other person in the territory at less than the retail list price; that thereafter, in violation of the agreement, the American Company, the payee, permitted certain parties to sell said trucks at a discount from its said retail or list price; it failed to protect the price in the territory and failed to prevent sale at less than the list price. " By reason thereof," the Equitable Company, maker, and Leindorf, the indorser, allege that the Equitable Company " was and will be obliged " to sell certain of the trucks purchased from the American Company at a loss " in excess of $1,432," the amount of the note; that the note was indorsed by Leindorf " in part payment of said trucks " prior to the discovery of the breach. And *Leindorf* alleges in his counterclaim upon information and belief that the plaintiff and the bank had knowledge of the breach of contract " and parted with no legal consideration." The counterclaim of the Equitable Company omitted this last allegation of knowledge of the breach, but it was amended at the trial so as to set it up.

Each defendant asks the same judgment, viz., " that the complaint herein be dismissed, and that it have judgment against the plaintiff in a sum equal to the amount of said note; and that the said judgment be offset against any sum that the plaintiff may recover herein."

No reply was served — nor was any motion made by defendants to compel a reply.

When the case was reached for trial on June 22, 1921, and

before any evidence was offered, the defendants' counsel called the attention of the trial justice to the fact that Leindorf had made a motion at Special Term for judgment dismissing the complaint for failure to reply to the counterclaims and that argument of his motion had been adjourned to the day of the trial. The trial justice stated that he desired that motion decided or withdrawn before proceeding with the trial. The trial was thereupon suspended, and the parties proceeded to the Special Term. After recess the trial was resumed and defendants' counsel stated to the court that the Special Term had denied the motion. He said: " For the purposes of this record I make the same motion here, that on behalf of the defendant Leindorf the complaint be dismissed upon the ground that the plaintiff failed to reply to the counterclaim set up in the answer of the defendant Leindorf," and he made the same motion on behalf of the defendant Equitable Motor Truck Company, Inc. The trial justice denied both motions.

It will be noted that it was stated that the Special Term had denied the defendants' motion for judgment *dismissing the complaint.* The motion was not for a writ of inquiry to ascertain defendants' damages in case it was held that they were entitled to judgment on their counterclaim for failure to reply. It has been held that on such a motion, while defendant might not be entitled to an absolute dismissal of the complaint (as that would have destroyed the liability on the note and yet left the counterclaim open to enforcement), still the notice of motion was broad enough in its demand for " other and further relief " to entitle the defendant to a proper judgment. (*Hunter* v. *Fiss,* 92 App. Div. 164.)

In the case at bar the notice of the motion is not before the court. We only know that the defendants moved for dismissal of the complaint for failure to reply and that the motion was denied. It seems to me such a motion, without other or alternative relief prayed for, was properly denied.

But, however this may be, the Special Term had apparently denied defendants' motion for judgment on the pleadings dismissing the complaint upon the ground that plaintiff had failed to serve a reply. The order denying the motion, if there was an order, is not in the record and the defendants

did not appeal from the order nor does the notice of appeal from the judgment, now before this court, contain any reference to such order or ask that it be reviewed.

I think there is some force in respondent's contention that the order denying the motion for dismissal of the complaint was binding on the Trial Term. The defendants might have applied for an adjournment of the trial to enable them to review the order on appeal, and if that order was denied the ruling of the court would be before us in the record, or they might under the former Code of Civil Procedure, section 1301, have brought the order before us on this appeal by specifying it in the notice of appeal.

Defendants did none of these things.

But they were not precluded from proving their alleged counterclaim.

Instead of doing this, they offered no evidence, contenting themselves with renewing the motion for dismissal of the complaint because of failure to reply, at the end of plaintiff's case, an application already denied by the Special Term.

The trial justice denied the motion and defendants then rested without offering any evidence.

Plaintiff's counsel then moved to dismiss the counterclaims on the ground that neither of them " contains facts sufficient to constitute a cause of action, and I rely for that upon the decision of Mr. Justice Young," and the court granted the motion.

I think the court should have granted the motion upon the ground that defendants offered no proof in support of the counterclaim. I do not know what Mr. Justice Young's reason was for denying the motion. It is not in the record, nor was there anything before the learned trial justice to indicate his reason. The learned trial justice also granted plaintiff's motion for direction of a verdict.

The appellants argue on this appeal that they should have been allowed to prove their counterclaim. As already stated, they were not prevented from offering proof. They rested without offering proof.

The plaintiff's evidence at the trial showed that the payee, the American Company, indorsed the note and delivered it to the bank on November 29, 1920. This was before maturity.

The plaintiff asked his witness in addition whether at the time of the transfer to the bank the maker of the note knew of any claimed breach of contract, and the witness answered that he did not. Consideration for the note was proved.

On the record here I think the judge was right in directing a verdict for plaintiff.

The judgment should be affirmed, with costs.

Present — Blackmar, P. J., Mills, Rich, Putnam and Kelly, JJ.

Judgment unanimously affirmed, with costs.