Moore v. Wright.

---

## HORACE MOORE

### v.

## CHESTER F. WRIGHT.

1. PLEADING—CHARGING DEFENDANT AS EXECUTOR.—To a count charging the defendant as executor *de son tort*, the defendant pleaded that, before the commencement of this suit, administration of said estate was granted to him by the county court, etc., and that he duly qualified and entered upon

his duties as such, etc. This was a good plea to the declaration, as the subsequent granting of letters of administration related back to the death of the intestate, and made valid acts which otherwise might have been tortious. If, as claimed by the plaintiff, the count was one charging the defendant personally, the count itself was deficient, and the demurrer to the plea should have been carried back to the declaration.

2. FORM OF DECLARATION NOT TO DEPRIVE DEFENDANT OF PROPER DEFENSE.—The proper form of declaring against an executor *de son tort*, is to charge him generally as executor, but a plaintiff cannot, by filing such a count as an additional one, to a declaration charging a personal liability, deprive a defendant who is sued personally, of pleading any matter to such count that would be good if that count was the only one in the declaration, and he was sued as executor.

3. PERSONAL LIABILITY OF HEIR.—In this case, if, as claimed by plaintiff, the defendant in consideration of the conveyance named, had agreed personally to pay plaintiff, there is a right of recovery; but if his agreement was solely to collect the assets of the estate and apply them in payment of claims against it, then the plaintiff must seek his remedy through the Probate Court.

APPEAL from the Circuit Court of Grundy county; the Hon. FRANCIS GOODSPEED, Judge, presiding. Opinion filed November 1, 1879.

On the 16th of April, 1857, one Thomas G. Wright executed and delivered to the appellant two promissory notes, as follows:

"By the first day of July, eighteen hundred and fifty-eight, for value received, I promise to pay Horace Moore, or bearer, one hundred dollars, with interest at ten per cent. annually.

"THOS. G. WRIGHT.

"Lisbon, April 16th, 1857:"

"By the first day of July, eighteen hundred and fifty-nine, for value received, I promise to pay Horace Moore, or bearer, two hundred dollars, with interest annually at ten per cent.

"THOS. G. WRIGHT.

"Lisbon, April 16th, 1857."

The first count in the declaration in substance alleges that said Thomas G. Wright, being still indebted to the plaintiff upon said notes, on the 26th day of September, 1868, conveyed to his son, the defendant below, and appellee here, one hundred and sixty-five acres of land, and that the defendant, in consid-

eration thereof, promised the said Thomas G. Wright to pay all such debts as were justly due and owing by him at the time of his decease, and particularly the said notes, which he, the defendant, in consideration of said conveyance, promised to to pay to the plaintiff. The count also avers that said Thomas G. died on the 7th day of September, 1870, and that the defendant has not paid said notes.

Under this count the issues were made up, as follows:

First plea: General issue.

Second plea: Statute of Limitations; that causes of action did not accrue within five years.

Third plea: Statute of Limitations; that defendant did not promise within five years.

Fifth plea: Statute of Limitations; that action did not accrue against Thos. G. Wright on note set out in declaration within sixteen years.

Seventh plea: Set-off.

Demurrer was sustained to 4th and 6th pleas.

Replications: To first plea, similiter.

To second, third and fifth pleas, that defendant within 5 years made a new promise, etc.

To seventh plea, that plaintiff did not assume and promise, etc.

Similiter to replications.

The second or additional count to the declaration, after setting forth the notes as in the first count, alleges that the conveyance of the real estate was without consideration, and that after the death of the said Thomas G., the defendant without any authority of law and without administration, took possession of five thousand dollars' worth of goods and chattels, rights and credits belonging to said Thomas G. at the time of his death, and converted the same to his own use, and that in consequence of such acts on the part of the defendant, there was no real or personal property left to be administered upon, or that could be applied to the payment of the debts of said Thomas G. Wright, deceased. Wherefore the defendant became liable to pay plaintiff, etc., and being so liable, promised to pay the plaintiff.

To this count the defendant filed a plea, that on the 5th day of August, 1875, after the death of said Thomas G., and before the commencement of this suit, administration of said estate was granted to him by the County Court of Kendall county, and that he duly qualified and entered upon the duties of such administrator, and made profert of his letters of administration.

To this plea a demurrer was overruled by the court, and the plaintiff abided by his demurrer.

The cause was submitted to the court for trial, and the court found the issues for the defendant, and the plaintiff appealed from the judgment entered upon such finding.

The errors assigned by plaintiff questions this finding of the court, the action of the court in overruling the demurrer to the plea to the additional count, and in refusing to allow the plaintiff to file two additional counts to his declaration upon the trial.

The defendant assigns cross-errors upon the record, insisting that the court erred in not allowing him for cross demands proved under his plea of set-off.

Mr. G. S. Eldredge and Mr. H. T. Gilbert, for appellant; that the first and second counts set forth a good cause of action individually, cited Lawrence v. Fox, 20 N. Y. 268; Farley v. Cleveland, 4 Cow. 432; Barker v. Buklin, 2 Denio, 45; Hudson Canal Co. v. Westchester Bank, 4 Denio, 97; Schermerhorn v. Vanderheyden, 1 Johns. 140; Arnold v. Lyman, 17 Mass. 400; Hall v. Marston, 17 Mass. 575; Brewer v. Dyer, 7 Cush. 337; Ellwood v. Monk, 5 Wend. 235; Gold v. Phillips, 10 Johns, 412; Barlow v. Myers, 64 N. Y. 41; Putnam v. Farnham, 9 Am. Rep. 459; Townsend v. Long, 18 Am. Rep. 438; Wilson v. Bevans, 58 Ill. 232; Runde v. Runde, 59 Ill. 98.

The plea of grant of administration was not good; the defendant was not declared against as executor, as he must have been if he was sued as executor *de son tort:* 1 Chitty's Pl. *51; 1 Williams on Executors, 265; Rattoon v. Overacker, 8 Johns. 126.

Though an executor *de son tort* afterwards takes out letters of administration, he may be charged as executor *de son tort*

or as administrator; he cannot discharge himself by a matter *ex post facto:* 7 Bacon's Abr. 32; 1 Williams on Executors, 265.

Messrs. Needham & Miller, for appellee; that the plea of grant of administration was good to the additional count, cited Rattoon v. Overacker, 8 Johns, 126; Alvord v. Marsh, 12 Allen, 603; Hatch v. Proctor, 102 Mass. 351; Magner v. Ryan, 19 Mo. 196; Priest v. Benson, 2 Hill 225; 1 Williams on Executors, 267.

It is only such errors as work an injury to the party complaining that will be ground for reversal: Berdell v. Berdell, 88 Ill. 604; Bowden v. Bowden, 75 Ill. 143.

Pillsbury, P. J. An examination of the testimony in the record shows that upon the question of the personal liability of the defendant to pay these notes, the evidence is very conflicting, and as the finding of the court where a jury is waived is entitled to the same consideration as the finding of a jury upon the controverted facts in a case, we are not prepared to hold that the finding of the court below upon the questions of fact is not sustained by the proofs.

The point made that the court erred in overruling the demurrer to the additional count, we consider not well taken.

The allegations of the count would seem to indicate that the pleader intended to charge the defendant in the character of an executor *de son tort*, and not upon any contract or agreement by virtue of which he incurred a personal liability.

The gravamen of the count is, that Thomas G. Wright died intestate, and that the defendant took possession of the personal estate, and sold, disposed of and converted the same to his own use, without administration or other lawful authority; and because of such acts the defendant became liable to pay. There are no averments in the count from which the law will imply a promise by the defendant to personally pay a debt of the intestate, but there is enough to charge him as an executor in his own wrong.

The proper form for declaring against an executor *de son tort* is to charge him generally as executor. 1 Chitty Pl. 51.

The plaintiff cannot, it is believed, by filing such count as an additional one, deprive a defendant who is sued personally, of pleading any matter to such count that would be good if that count was the only one in the declaration, and he was sued as executor.

If the count sought to charge him as executor, then the plea was good to that count: Rattoon v. Overacker, 8 Johns. 126; Alvord v. Marsh, 12 Allen, 603; as the subsequent granting of letters of administration related to the death of the intestate, and made valid those acts which otherwise would be held to be tortious, and would make him properly chargeable as executor *de son tort*.

If, as plaintiff claims, this count is one charging a personal liability upon the defendant, then it was deficient in substance, and the demurrer should have been carried back and sustained to it, in which event the plaintiff could take nothing upon such count; and the result would have been the same as it was by the plaintiff abiding by his demurrer to the plea to said count.

As this judgment must be reversed upon the cross-errors assigned, it is not necessary to determine whether the court erred in refusing the plaintiff leave to file the proposed additional counts to the declaration, as, upon the case being remanded, the plaintiff can file the same, if he shall be so advised, and upon another trial, if it shall appear that the defendant has bound himself personally to pay the debts of the intestate in consideration of the conveyance to him by the heirs of Thomas G. Wright, as alleged in such counts, then, so far as this point is concerned, the plaintiff would establish a right of recovery; but if it should appear that his agreement was only to collect the debts due the estate, and apply them when collected, together with the proceeds of the personal estate, to the payment of the debts owing by the intestate, so far as they would liquidate such indebtedness, then we are of the opinion that he would not be personally liable, but the plaintiff should seek his remedy through the Probate Court, as administration has been granted upon said estate, and such court having taken upon itself the settlement of the estate, the attempt of the heirs to close up the estate without taking out

lctters, and the alleged agreement of the defendant with the other heirs so to do, would be superseded by such action of the Probate Court, and the estate must thereafter be settled by due course of administration, without regard to any such alleged agreement by the heirs.

On the trial below the plaintiff admitted that he was owing the defendant upon account, and the proof sufficiently establishes the amount due, and the court should have allowed the defendant his demand against the plaintiff, to the extent it was established by the evidence and if the plaintiff failed to show a right of recovery upon his alleged cause of action, the defendant should have had a judgment for the full amount of his counter claims.

The judgment of the court below will be reversed and the cause remanded for a new trial, with leave to the plaintiff to amend his declaration if he shall so desire.

Judgment reversed.