NORLING v. ALLEE.

(*City Court of Brooklyn, General Term.* June 3, 1890.)

1. NEGLIGENCE—DANGEROUS PREMISES—STORMS.
   An owner of real estate, who keeps the same in a reasonably safe condition, is not liable to a passer-by on the street who is injured by the falling of a fence during a storm of sufficient violence to unroof houses, and do like damage.

2. TRUSTS—NEGLIGENCE OF TRUSTEES—LIABILITY OF ESTATE.
   A trust-estate cannot be mulcted for personal injuries sustained through the negligence of the trustees in relation thereto.

Appeal from trial term.

Action by John Norling against William H. Allee, as trustee, etc., under the will of Joseph B. Allee. There was a verdict and judgment for plaintiff, and defendant appeals.

Argued before CLEMENT, C. J., and OSBORNE, J.

*William Sage,* for appellant. *T. E. Hodgskin,* for respondent.

CLEMENT, C. J. The plaintiff was injured on the evening of January 9, 1889, while walking on the sidewalk of Flatbush avenue, near Third, in this city. A fence in front of the premises owned by defendant as trustee fell or was blown upon plaintiff by the wind, whereby he sustained bodily injuries. A verdict at the trial term was rendered in his favor for the sum of $500. The plaintiff was the only witness in his behalf, who testified as to the condition of the fence prior to the evening in question. He said that he observed the fence very often before the accident, and that sometimes, when there was a strong wind, he saw it "like shaking," but that he did not think that it would tumble down; that, before he was injured, he heard a sound like an explosion,—something like a shock. The heavens were a light red, and the wind made a loud, roaring noise, and that he was "a little afraid" himself. It also appears from his testimony that the fence was not blown over, but that the wind carried it for at least six feet before it fell. The fence was six or seven feet high, and the sidewalk twelve feet wide; and plaintiff said that he was on the edge of the sidewalk when he was struck down by the flying fence. The testimony of the witnesses for the defendant conclusively shows that a cyclone prevailed in the vicinity. It appears that the front of a paint-shop on the premises in question was blown out into the street, and that the shop was so wrecked that it had to be taken down. A new fence in the vicinity was also thrown down, and many windows of neighboring buildings were blown in. One witness says that two sheets of corrugated iron, eight feet long by two feet wide, were blown off the roof of his house,—one into the street, and the other a block away. Mr. Demott testified that the roof of the annex of school-house No. 15 was torn off, and that four other buildings very near the fence in question were also unroofed.

We have stated only a portion of the facts proven by the witnesses for the defendant as to the violence of the storm; and, after carefully considering the case, we are of opinion that the complaint should have been dismissed on the ground that there was no evidence of negligence of the defendant. The testimony clearly establishes that the fence was blown from its position, a fact which tends strongly to prove that it was strong, and resisted the violence of the wind; for, if the fence was weak, it would have simply fallen. The storm was of such violence that the result should be treated as the act of God. *Sheldon* v. *Sherman,* 42 N. Y. 484. The owner was not called upon to construct a fence which could withstand a storm which unroofed houses, and did like damage. He was only bound to keep his property in a reasonably safe condition.

We think that on another ground the judgment cannot be sustained. The defendant was sued in his representative capacity, and was one of three trus-

tees, and was the only one served with summons in the action. We are of opinion that the defendant, as trustee, was not liable for negligence, and that the remedy of the plaintiff was against him personally. The authorities are numerous that an executor or trustee cannot make the estate liable by an express contract unless directly authorized by the trust. *New* v. *Nicoll*, 73 N. Y. 127; *Austin* v. *Munro*, 47 N. Y. 360; *Ferrin* v. *Myrick*, 41 N. Y. 315; *Stanton* v. *King*, 8 Hun, 4. If an executor or trustee cannot make an estate liable by an express contract, it would seem to follow that the estate could not be mulcted for his careless act. The authorities are very meager on the question, but the principle is recognized in the case of *Camp* v. *Barney*, 4 Hun, 373, 376. See, also, *People* v. *Townsend*, 3 Hill, 479. In the case before us, if the judgment is sustained, the trust property is taken when but one of the three trustees has had his day in court, whereas, if the law is that the three trustees are liable in their individual capacity, an action would lie against one or all as joint tort-feasors. The judgment and order denying new trial must be reversed, and a new trial granted; costs to abide the event.