Margaret Milner, Respondent, *v.* Walter D. Hoag, as Surviving Executor and Trustee under the Last Will and Testament of Conrad Vreeland, Deceased, Appellant, Impleaded with George C. Freeland, as Surviving. Executor and Trustee under the Last Will and Testament of Conrad Vreeland, Deceased, Defendant.

Second Department, March 22, 1918.

**Decedent's estate — ancillary letters granted to executor and trustee of foreign will — such executor becomes officer of this State — powers not suspended by cancellation of power in foreign State — when executor cannot be sued in representative capacity.**

When a foreign will is filed in this State and letters ancillary are issued, the recipients thereof become executors here — officers of our State and acting under our laws.

Moreover, where by the law of the foreign State the powers of the executors and trustees were suspended and canceled on an appeal from the foreign decree of probate, said suspension of the power of the executors has no extraterritorial force and they continue to be executors and trustees of the realty situate in this State.

However, under the circumstances, an action against said executor and trustee does not lie in this State to charge him in his representative capacity, and not personally, where there is no contract relation between the plaintiff and the defendant.

Appeal by the defendant, Walter D. Hoag, as surviving executor and trustee, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 9th day of February, 1918, denying his motion for judgment on the pleadings consisting of a complaint and the amended answer thereto.

*James J. Mahoney* [*George J. Stacy* with him on the brief], for the appellant.

*Joseph J. Dreyer* [*William V. Burke* with him on the brief]. for the respondent.

Jenks, P. J.:

When the will was filed in this State and the letters ancillary were issued, the recipients thereof became executors here — officers of our State and acting under our laws. (*Hopper* v. *Hopper*, 125 N. Y. 403; *Smith* v. *Second Nat.*

*Bank,* 169 id. 472.)   The provisions of the New Jersey law that suspended and canceled the power of the executors and trustees perforce of the appeal from the decree for probate of the will in that State, should not be regarded as of extra-territorial force; despite such provisions, we should view the defendant in his relation to the realty in this State as executor and trustee.   (*Matter of Gaines,* 83 Hun, 225; affd., 154 N. Y. 747.)   But a reading of the complaint justifies the conclusion that the plaintiff seeks to charge the defendant in his representative capacity only, not personally.   I think, therefore, that it cannot be sustained in this form.   (*Norling* v. *Allee,* 10 N. Y. Supp. 97; affd., 131 N. Y. 622.)   There was no contract relation between the plaintiff and the defendant.

The order is reversed, with ten dollars costs and disbursements, and the motion is granted, with ten dollars costs.

THOMAS, MILLS, RICH and PUTNAM, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.