**ABRAHAM et al. v. SELIG et al.**

District Court, S. D. New York.
July 21, 1939.

McManus Ernst & Ernst, of New York City (Bertram S. Rosenbaum, Walter E. Ernst and Lester D. Melzer, all of New York City, of counsel), for Howard M. Ernst.

Glass & Lynch, of New York City (Jerome Weinstein, of New York City, of counsel), for defendants.

GODDARD, District Judge.

It is true that plaintiffs Howard M. Ernst and Bertram S. Rosenbaum, describe themselves as "co-partners doing business under the firm name and style of Ernst & Co.", but a partnership is not strictly a legal entity.

Plaintiffs, Ernst and Rosenbaum with others, are suing in their individual capacity to enforce rights which they assert they have as joint owners of the assets of Ernst & Co., a co-partnership. They are parties to the suit and have submitted themselves individually to the jurisdiction of this court. While their counsel contend to the contrary they have submitted no authority which supports such contention.

The question as to whether the plaintiffs have submitted themselves to the jurisdiction of the court in their individual capacities is quite apart from that as to whether a counterclaim against individual partners may be asserted in an action upon a partnership claim. This latter question is governed by the New Federal Rules of Civil Procedure, particularly by Rule 13, 28 U.S.C.A. following § 723c, which is very liberal in the interest of avoiding a multiplicity of suits, and many of the former procedural limitations have been abolished; and Rule 13(c) places no procedural limitations on the type of claim which may be interposed as a counterclaim. The counterclaim asserted against any opposing party may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief different in kind from that sought by the opposing party. Cf. Moore's Federal Practice, Volume 1, page 701 and page 684.

Indeed it might well be argued that the counterclaim now under consideration arises out of the transaction which was the subject matter of the original action. Moore v. New York Cotton Exchange, 270 U.S. 593, 46 S.Ct. 367, 70 L.Ed. 750, 45 A.

L.R. 1370.; Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; United States v. National City Bank, 2 Cir., 83 F.2d 236, at page 239, 106 A.L.R. 1235, and therefore under Rule 13(a) is a "compulsory counterclaim".

The motion to dismiss the counterclaim against Rosenbaum and Ernst is denied. The denial of this motion disposes the defendants' alternative cross motion.