**POFE v. CONTINENTAL INS. CO. OF NEW YORK.**

**No. 9301.**

Circuit Court of Appeals, Seventh Circuit.
June 4, 1947.

Rehearing Denied June 30, 1947.

Meyer Abrams, of Chicago, Ill. (Shulman, Shulman & Abrams, of Chicago, Ill., of counsel), for appellant.

Hayes McKinney and C. Oscar Carlson, both of Chicago, Ill. (McKinney, Folonie & Carlson, of Chicago, Ill., of counsel), for appellee.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

The plaintiff appeals from a judgment entered on motion of the defendant for judgment on the pleadings, or, in the alternative, for summary judgment. The judgment appealed from denied the relief sought by plaintiff and granted the relief sought by the defendant on its counterclaim.

Appellant filed his bill of complaint January 20, 1944, to recover $12,365 alleged to be a balance due as commissions for insurance written by him as agent for defendant for the period January 1, 1935, to September 1, 1940. It alleged employment under a contract alleged to have been entered into, in writing, December 21, 1927, under the terms of which defendant promised to pay plaintiff for his seinces at the same rate as that paid its other general agents for like services in the same territory; modification of the 1927 contract by a new contract entered into October 22, 1937, a copy of which was attached to the complaint; payment of plaintiff by defendant at certain rates which were in accord with the terms generally applied throughout the insurance industry and pursuant to the rules of the Chicago Board of Underwriters; discovery by plaintiff in June, 1943, that defendant was in fact paying certain other of its agents compensation exceeding that paid to him by as much as 10%, which fact he alleged had been willfully and fraudulently misrepresented to him, so that, instead of the $40,124, paid by defendant, there had been due $52,489, leaving a balance due plaintiff of $12,365. The complaint further alleged,

"That the indebtedness now remaining unpaid * * * to recover which this suit is brought, constituted part of a mutual account between the parties hereto and plaintiff alleges that defendant made payments on said indebtedness from time to time becoming due from defendant to plaintiff, and thereby renewed said indebtedness as a matter of law so that this action is brought within five years from the date when said

indebtedness became finally due and owing;"

Attached to the complaint was a copy of the 1937 agency agreement which provided, as to payment of plaintiff, that he was authorized to retain out of premiums collected, as full compensation, "commissions at the following rates, viz.: As now or may be in the future mutually agreed upon." It further provided that it superseded all previous agreements, whether oral or written.

Defendant filed answer June 10, 1946, denying any written contract of 1927, or that plaintiff had acted as a general agent, but admitting that he had been employed as agent under a written contract of 1937, until its termination in September, 1940. It further stated that commissions at agreed rates were retained by plaintiff from premiums collected by him and reported in monthly accounts current rendered by him to defendant, and that such commissions were not in any other manner paid by defendant to plaintiff. It denied owing the $12,365 claimed. By way of counterclaim, defendant alleged that during the period of the agency, plaintiff rendered monthly accounts current of the business transacted pursuant to the agreement; that each such account stated and showed the policies issued by plaintiff on behalf of defendant each month, the amount of premium under each, plaintiff's commissions thereon at rates fixed and agreed upon between the parties, any authorized agency expenses, premiums returned to policy holders on cancellations and return commissions thereon, and other details of the business, and the balance due and payable on such account from plaintiff to defendant or vice versa; that plaintiff, although rendering such accounts failed to remit amounts shown thereby to be due, hence, that there was due and owing from plaintiff to defendant, as upon an account stated between them, upon such balances of premiums upon such accounts the sum of $2,654, as shown by a statement attached thereto, together with a letter dated May 27, 1946, and signed by plaintiff, enclosing $100 in payment on the account and stating the balance due at $2,654.

Plaintiff replied to the counterclaim, on July 1, 1946, admitting all the allegations of that counterclaim set forth above, and admitting further that he was indebted to the defendant in the sum of $2,654.

Upon the filing of this reply, admitting the indebtedness, defendant filed its motion for judgment on the pleadings and for summary judgment, attaching in support thereof, the affidavit of its manager, Vickery, stating the mode of operation of its agencies pursuant to rules of the Chicago Board of Underwriters. He further stated that plaintiff had become delinquent in his remittances so that in September, 1942, the balance due on his account was $6,000, after which it was reduced to the $2,654 claimed in the counterclaim, and further reduced by the following payments:

| $100 | May 27, 1946 |
| 54.72 | June 22 |
| 100 | August 20, |

leaving a balance due on the counterclaim of $2400. He further asserted that the remittances, letters and transactions between the parties constituted an account stated in accordance with which there was due defendant $2,400, and by reason of which plaintiff was barred from claiming that defendant was indebted to him in any amount.

Plaintiff filed his affidavit in opposition to the motion for judgment. He set forth that defendant, through Vickery, always agreed to pay him at as high a rate as any other agents of the same class, and that he presumed that rates paid others were as established by the Chicago Board of Underwriters. He further set forth that in 1942, before he was aware of defendant's preference to other agents, he recognized a balance due for premiums collected, and, at Vickery's insistence, he executed a deed absolute in form to an apartment building owned by himself, which deed was intended as security for the debt; that later (at an undisclosed date), he was requested to execute another deed to replace the earlier one, this one also being absolute in form although intended merely as security; that thereafter, he learned that the deed clouded his title to the extent that he could not make a transfer; "that during 1945 and 1946 in the rising market * * * he had a chance to sell said property but defendant, through its agent, Vick-

ery, refused to release same or reform said deed to a mortgage, or its equivalent but insisted upon payment of the amount alleged to be due before reconveying said property."

Upon hearing on the motions for judgment, together with the affidavits in support and opposition thereto, the court found that appellant had admitted that there was due and owing from him to appellee the sum of $2,400 under the same contract and upon the same account and with respect to the same transactions upon which appellant sought to recover under his amended complaint, and that that sum was due·from appellant to appellee upon an account stated between the parties. He therefore ordered that appellant take nothing under his suit, and that appellee recover under its counterclaim $2,400 with costs.

Appellant's principal contention is that he was entitled to a trial on the merits because it appeared from the pleadings and affidavits that there were genuine issues of fact, and since his claim exceeded the counterclaim, the court had no authority to dismiss his and enter judgment for the full amount of appellee's. He also asserts as error the action of the court in entering the judgment without specifying which of appellee's motions it is based on, contending that the two motions raise different questions.

■ Appellant's contention that there were genuine issues of fact as to which he was entitled to a trial is contradicted by his own pleadings. We might agree with him were it not for the fact of his answer to appellee's counterclaim, admitting its allegations that he rendered monthly accounts current showing all policies written by him, the premiums on each, his commissions thereon *at rates fixed and agreed upon between them,* his failure to remit balances thereon in full, resulting in a shortage of the amount claimed by appellee, $2,654, no

part of which had been paid, and that that amount was, at the time of such admission, then due from appellant to appellee.

■ Such admissions were utterly incompatible with the allegations of the original complaint that appellee was indebted to appellant for commissions. Since the claim and counterclaim arose out of identical transactions it was impossible for both to constitute causes of action which could be balanced against each other.[1] That balancing had already been done in the account stated, the correctness of which appellant admitted by his answer to the counterclaim. That is not to say that an account stated is final and conclusive evidence of the correctness of the balance shown thereby to be due. The general rule is that an account stated is open to correction for mistake or fraud. Leather Manufacturers' Nat. Bank v. Morgan, 117 U.S. 96, 6 S.Ct. 657, 29 L.Ed. 811; 1 Am.Jur., Accounts and Accounting, sections 30-31. And it is generally held that it may be impeached when it is interposed as a defense. Here, however, no attempt was made to impeach it until the filing of the affidavit in opposition to the motion for judgment, which was, of course, after the closing of the pleadings, one of which had admitted its correctness. We assume that the matter set up in the affidavit in opposition was a belated attempt to overcome the effect of the admissions of the answer to the counterclaim. However, even at that, that affidavit did not in terms request a correction of the account stated, being directed only to an explanation of why payments had been continued on the account stated after filing of the suit for additional commissions which could not be due if, as admitted by the reply, appellant owed the amount set forth in the account stated.

■ Appellant contends that appellee's motion for judgment on the pleadings admit-

---

[1] Plaintiff cites cases to support his proposition that when a claim exceeds the amount of the counterclaim, the court has no power to dismiss the claim and enter summary judgment on the counterclaim. The first, Crompton v. Seaich, 142 App. Div. 431, 126 N.Y.S. 817, involved counterclaims ·based on subject matter in no way related to that of the complaint. Parmelee v. Chicago Eye Shield Co., 8 Cir., 157 F.2d 582, held that where several counterclaims arose out of the same transaction as the original complaint, it was error to enter partial judgment for the amount of the complaint less the amount claimed by the defendant in one ·of his counterclaims, leaving five other counterclaims to be tried by separate trial. Moore v. Wright, 4 Ill.App. 443, and Abraham v. Selig, D.C., 29 F.Supp. 52, are equally irrelevant to the issues presented by the case at bar.

ted the truth of every allegation of the complaint and the falsity of the denials of the answer, hence that it was the duty of the court to deny the motion. He overlooks the fact that such admission goes only to allegations well pleaded, and further, that by his own pleadings he corroborated the pleaded denials of the appellee. In replying to the allegations of the counterclaim, appellant, in effect, occupied the position of a defendant, and, in that position, he specifically admitted every allegation therein contained with the exception of certain facts of the first paragraph which we do not deem material. Inasmuch as these allegations were wholly at variance with the allegations of the bill of complaint, the court had no alternative but to enter judgment on the pleadings, dismissing the complaint and allowing the counterclaim.

We find no merit in appellant's contention that the court should not have entered "judgments on the pleadings and a summary judgment at the same time." In the first place, only one judgment was entered. Further, the better authority appears to hold that where a party presents both a motion for judgment on the pleadings and a motion for summary judgment, no distinction need be drawn between them, and the court is justified in relying on all appropriate grounds disclosed by any or all papers of record in the case. See Palmer v. Palmer, D.C., 31 F.Supp. 861; 1 Moore's Federal Practice, sec. 12.05.

Judgment affirmed.