Joseph A. Gavagan, J.
Plaintiffs move pursuant to rule 109 of the Rules of Civil Practice to strike the three counterclaims alleged in the answer of the defendants stated in the notice of motion, upon the grounds (1) that they do not state facts sufficient to constitute a cause of action, and (2) that they are not counterclaims which may he properly interposed in this action. *640 They further seek to strike the defenses of ratification and estoppel upon the grounds that they are insufficient in law.
The form of plaintiffs’ complaint is that of a stockholders’ derivative action. The plaintiffs are six stockholders, all related to each other, who own in the aggregate 49.78% of the outstanding stock of the corporate defendant. Four of the individual defendants together with members of their family own the remaining 50.22% of the company’s outstanding stock. By the first counterclaim defendants allege a background of facts relating to the corporation and certain actions of its general counsel and the board of directors. Upon these allegations the defendant corporation seeks recovery from plaintiffs of the legal expenses incurred by it in connection with the removal of one of the plaintiffs as a director of the company and his discharge as its general counsel. This claim is predicated upon the allegations that plaintiffs, in breach of their fiduciary duties and obligations as directors wrongfully, against the best interests of the corporation, resisted such removal and discharge and thereby made necessary a lawsuit for same which incurred legal expenses. It is these expenditures which the first counterclaim seeks to recover. This, in short, is the substance of the first counterclaim. It is unnecessary to burden this determination with extended recital of all the allegations. Suffice to say, after a study of the pleading, I am satisfied that the allegations of the counterclaim clearly show the breach of the duties and obligations on the part of one of the directors who also was general counsel for the corporation; his refusal to resign; the refusal of the other directors and stockholders to remove him or effectuate his removal; and the damage resulting to the corporation by reason of the foregoing. The allegations of the first counterclaim spell out a sufficient cause of action. So do the allegations of the second counterclaim which is asserted by the corporate defendant against the plaintiff director and former general counsel hereinbefore referred to. In this counterclaim defendant corporation seeks recovery of moneys from him which he received as compensation from the corporation since the time of his breach of trust and misfeasance. The second counterclaim is sufficient in law. The third counterclaim is predicated on conspiracy by certain of the plaintiffs. It clearly alleges the duty owed by the plaintiffs, their acts in violation and breach of that duty and damage to the corporation by reason thereof. A pleading challenged for legal insufficiency must be construed broadly and every intendment and fair inference be given it (Dyer v. Broadway Cent. Bank, 252 N. Y. 430).
*641 Plaintiffs’ objection that the counterclaims are not properly interposed is overruled. The objection is not interposed in accordance with the requirements of sections 278, 280 of the Civil Practice Act which require that such objection specify the particular defect relied upon. This was not done. Plaintiffs’ amended notice of motion, which seeks to cure this defect, is untimely and is, therefore, improper since rule 109 of the Rules of Civil Practice requires such motion be made within 20 days after the service of the answer.
The objection to the sufficiency of the defenses of ratification and estoppel is also overruled. If this were a true stockholders’ derivative suit, ratification or estoppel would not prevent recovery by the corporation for which the suit is instituted. However, the facts as here pleaded indicate the controversy essentially to be between one family group of stockholders and two other family groups, owning stock in the defendant corporation. Since the three family groups of stockholders involved own all the stock of the defendant corporation, there are no outside stockholders who can possibly be prejudiced by a full determination of all the issues pleaded. Pleadings being liberally construed (Civ. Prac. Act, § 275) the defenses will be allowed to stand for trial and ultimate disposition on the merits.
The motion is in all respects denied.