Saul S. Streit, J.
Defendants, Katerina Bajlric, Milan Jovanovic and Sava Jo vano vie, appearing specially, move to set aside the service of the summons and complaint on the ground that the said summons and complaint was never served personally on said defendants.
It is undisputed that the summons and complaint was served pursuant to section 227-a of the Civil Practice Act. Plaintiffs contend that such service was sufficient because the three defendants, consisting of the widow and the alleged sole legatees of Velimir Bajlric, deceased, designated and authorized the appointment of George C. Dix, as ancillary administrator, c. t. a., of the estate of Velimir Bajlric, deceased; that a proceeding was commenced by him in the Surrogate’s Court of New York County and that the three defendants and the plaintiffs herein were parties to said proceeding; that service upon the attorney was sufficient under section 227-a of the Civil Practice Act. The plaintiffs are under the impression that the designation and authorization of one to act as ancillary administrator makes such designee the agent of said designors and that he acts primarily in the personal interests of his designors.
As stated in Matter of Patenotre (123 N. Y. S. 2d 492, 499): “ This is an entirely erroneous view of the nature of ancillary administration. ‘ The administrations in different states of a single estate are, as a matter of jurisdiction, entirely independent, and it is a mere matter of comity that treats the administrations of the domicile as principal and the others as ancillary.’ Matter of Gaine’s Will, 83 Hun 225, 229, 31 N. Y. S. 664, 665, affirmed 154 N. Y. 747, 49 N. E. 1097. A person appointed as ancillary fiduciary by our court becomes an officer of our State and must act under our laws. Hopper v. Hopper, 125 N. Y. 400, 26 N. E. 457, 12 L. R A. 237; Miller v. Hoag, 182 App. Div. 524, 169 N. Y. S. 755. He will be required to administer the assets in this State under the supervision of this court, and, just as any other fiduciary, he ‘ is under a duty of absolute loyalty to all beneficiaries and of fairness and impartiality to all.’ Matter of James’ Estate, Sur., 86 N. Y. S. 2d 78, 89.”
The court therefore holds that the three defendants herein were not persons commencing the proceeding in the Surrogate’s Court under section 48 of the Surrogate’s Court Act nor as con *478 templated in section 227-a of the Civil Practice Act; and that the summons and complaint herein was never delivered to said three defendants personally as required under the law.
Accordingly, the motion is granted.
Settle order.