Lillian N. BURG, Plaintiff,

v.

Max HORN, George Horn and Darand
Realty Corp., Defendants.

No. 64-C-1155.

United States District Court
E. D. New York.

June 7, 1965.

Irving Bizar, New York City, for plaintiff, in support of motion.

Richard Kranis, New York City (Kranis & Kranis, New York City, of counsel), for defendants, opposed.

DOOLING, District Judge.

Plaintiff, alleging that she is a stockholder, director and the secretary of the defendant Darand Realty Corp. and that the individual defendants are also stockholders, directors and the president (Max Horn) and treasurer (George Horn) of Darand, avers that Darand was formed to hold and operate three Brooklyn apartment houses, and to hold and manage certain investment securities and mortgages. Plaintiff charges that the Horns bought and resold profitably for their own accounts one particular building in Brooklyn that Darand could have bought, that they collected Darand's rents and turned over only part of them to Darand, that they charged Darand with unreal expenses and overcharged it for heating oil and that they borrowed money from it. On these charges plaintiff prays that the Horns "account to the Corporation *and to plaintiff* for their profits and the Corporation's damages,"

that they be enjoined from diverting its funds and assets to themselves, that they be compelled to repay the loans, and that plaintiff be awarded costs, expenses and counsel fees and "such other and further relief as may be just." (Emphasis added.)

Darand and the Horns answered together and have interposed a "counterclaim" in which they aver that plaintiff is in possession of and is detaining from Darand certain stock dividends declared on Darand's holding of Rohr Aircraft Corporation stock and a certain bond and mortgage owned by Darand and needed for surrender to the mortgagor against payment. Defendants pray that plaintiff be required to turn over the dividends and the documents to Darand and its treasurer, George Horn.

Plaintiff has moved to dismiss the "counterclaim" under Rule 12(b) (6) as not stating a claim upon which relief can be granted; her contention is that as she sued as a stockholder in the derivative right of the Corporation, a "counterclaim" against her individually on behalf of the Corporation will not lie. In the special circumstances of the case, the pleading will not be dismissed.

Plaintiff is a resident of California, the Horns are residents of New York and Darand is a New York corporation. Plaintiff and the Horns are the sole stockholders of Darand and plaintiff owns one-third of the stock.

The general principle is clear: a stockholder suing derivatively is not subject to a counterclaim of the corporation that alleges an individual liability to the corporation; in the language of the rule [Rule 13(a) (b)], the plaintiff individually is not thought an "opposing party" since the plaintiff stockholder sues derivatively to vindicate a corporate right. Higgins v. Shenango Pottery Co., W.D.Pa., 1951, 99 F.Supp. 522, 524; Binon v. Boel, 1st Dept., 1946, 271 App.Div. 505, 66 N.Y.S.2d 425, aff'd., 1947, 297 N.Y. 528, 74 N.E.2d 466; see

Cravatts v. Klozo Fastener Corp., S.D. N.Y., 1953, 15 F.R.D. 12. But that general principle, even though it seems to be thought applicable to cases in which one group of stockholders sues the remaining stockholders in a closely held corporation (e. g., Mook v. Merdinger, N.Y. Co., 1958, 14 Misc.2d 639, 179 N.Y.S.2d 554, aff'd., 1st Dept. 1963, 18 A.D.2d 983, 238 N.Y.S.2d 609), can hardly be without exceptions. It supposes that the plaintiff will not have a recovery in individual right, that the plaintiff "will have no personal interest in the recovery." See Binon v. Boel, supra, 271 App. Div. at 508, 66 N.Y.S.2d at 427. Hence recognition that in some derivative actions the relief granted is individual and "by-passes" the corporation [13 Fletcher Cyclopedia of Corporations (1961) 641–647 § 6028] ought to result in recognition that an individual counterclaim can in some cases be proper.

In the present case the corporate presence and the derivative form of suit do not exclude the suit's being in substance a suit to determine the rights of the three individual parties against one another. Cf. Diamond v. Diamond, N.Y. Co. 1951, 200 Misc. 1055, 1070, 107 N.Y. S.2d 508, 521, aff'd., 1st Dept. 1953, 281 App.Div. 1015, 121 N.Y.S.2d 280, modified, 1954, 307 N.Y. 263, 120 N.E.2d 819. In such a case the final judgment (if plaintiff prevailed) might well be so moulded as to omit a ceremonial payment to Darand followed by a distribution: the matters complained of are largely executed transactions directly remediable by money payment. Cf. Di Tomasso v. Loverro, 2d Dept., 1937, 250 App.Div. 206, 293 N.Y.S. 912, aff'd., 1937, 276 N.Y. 551, 12 N.E.2d 570; Shanik v. Empire Power Corporation, N.Y.Co. 1945, 58 N.Y.S.2d 176, 181–182, aff'd., 1946, 270 App.Div. 925, 62 N.Y.S. 2d 760, aff'd 1946, 296 N.Y. 664, 69 N.E. 2d 818; Perlman v. Feldmann, 2d Cir., 1955, 219 F.2d 173, 178. See Capitol Wine & Spirit Corp. v. Pokrass, 1st Dept., 1950, 277 App.Div. 184, 186–188,

98 N.Y.S.2d 291, 293–295, aff'd., 1951, 302 N.Y. 734, 98 N.E.2d 704; Geltman v. Levy, 1st Dept., 1960, 11 A.D.2d 411, 207 N.Y.S.2d 366. Note Gilbert Geer, Jr. & Co. v. Fagan, 3d Dept., 1938, 255 App.Div. 253, 7 N.Y.S.2d 395 (distinguished or rejected in Binon v. Boel, supra).

Given the New York substantive law, and the further consideration that it is not important to determine whether the "counterclaim" should be styled a "crossclaim" (Falciani v. Philadelphia Transportation Co., E.D.Pa.1960, 189 F. Supp. 203, 204), it must follow that the claim presented as a "counterclaim" belongs in the present suit. Cf. United Artists Corp. v. Masterpiece Productions, 2d Cir., 1955, 221 F.2d 213, 216; National Equipment Rental, Ltd. v. Fowler, 2d Cir., 1961, 287 F.2d 43, 45; Stewart-Warner Corp. v. Westinghouse Electric Corp., 2d Cir., 1964, 325 F.2d 822, 826–827; cf. Abraham v. Selig, S.D.N.Y., 1939, 29 F.Supp. 52. There is not here a problem in "capacities" (cf. Kangrga v. Bajkic, N.Y.Co., 1959, 17 Misc.2d 476, 187 N.Y.S.2d 661, aff'd., 1st Dept., 1960, 10 A.D.2d 621, 197 N.Y.S.2d 427; N.Y. C.P.L.R. § 303), for plaintiff is a natural person suing on a right of property that is vested in her as a natural person although the existence of that right depends on and relates to her being an owner of Darand stock; even were it certain that any recovery would be payable to Darand, that would nevertheless represent a vindication of plaintiff's property right, owned by her as a natural person, to have Darand made whole for her benefit and for the benefit of every other individual holder of a similar property right. Cf. Moore-McCormack Lines v. McMahon, 2d Cir., 1956, 235 F.2d 142, 144. See Wright, Federal Courts (1963) 304.

Accordingly, on plaintiff's motion to dismiss the defendants' counterclaim under Rule 12(b) (6), it is

Ordered that the motion is denied.