**David B. BLANCHARD, Joel Dictrow, Robert Dictrow, Herman Dictrow, Stephen E. Estroff, Alan Ginsberg, Thomas F. Kloberg, Saul Magram, Joel A. Poretsky, Jay A. Springer, and Hannah Waldman, Plaintiffs,**

v.

**Aron B. KATZ, Harrison M. Lasky, and Lon B. Rubin, Defendants.**

No. 86 Civ. 9594(MEL).

United States District Court,
S.D. New York.

Nov. 10, 1987.

Cletus P. Lyman, Geza Toth, Lyman & Ash, Philadelphia, Pa., Stephen M. Charme,

Liebman, Adolf & Charme, New York City, for plaintiffs.

Edward C. Kramer, Kramer & Bernbaum, New York City, for defendant Aron B. Katz.

Joseph D. Pizzuro, Curtis, Mallet–Prevost, Colt & Mosle, New York City, for defendants Harrison M. Lasky and Lon B. Rubin.

LASKER, District Judge.

In this action, plaintiffs allege that defendants violated the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq.*, and committed common-law fraud, breach of contract, and breach of fiduciary duty. Plaintiffs maintain that defendants induced them to purchase units in a limited partnership with representations that defendants knew at the time to be false concerning the care, management, and financial projections of the partnership. Defendants Lasky and Rubin have counterclaimed against all plaintiffs except Kloberg for payments due on promissory notes for amounts owed the partnership and against Kloberg for amounts they personally advanced him. Plaintiffs move to dismiss Lasky and Rubin's counterclaims, arguing that, as partners, the two defendants cannot counterclaim on behalf of the partnership. The motion is denied, subject to defendants amending their counterclaims to state that they are brought on behalf of the partnership.

Plaintiffs argue that defendants' counterclaims must be dismissed because the counterclaims belong to the partnership, but the defendants have been sued as partners. Defendants answer that there are circumstance in which courts have allowed persons sued in one capacity to counterclaim in another and that considerations of judicial economy weigh against dismissal of the counterclaims.[1]

Rule 13 of the Federal Rules of Civil Procedure states:

A pleading shall state as a counterclaim any claim which at the time of serving the pleading the *pleader* has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot obtain jurisdiction. (emphasis added)

Traditionally, when a plaintiff brings suit in one capacity, the defendant may not counterclaim against the plaintiff in a different capacity than that in which plaintiff sued. 3 Moore's Federal Practice ¶ 13.06[1] (1980). Although less settled, it also appears that a defendant who has been sued in one capacity may generally assert a counterclaim only in that capacity. *See Banco Nacional de Cuba v. Chase Manhattan Bank,* 658 F.2d 875, 886 (2d Cir.1981). *See also Dunham v. Crosby,* 435 F.2d 1177, 1181 (1st Cir.1970) (noting school superintendent cannot counterclaim on behalf of school board and expressing doubt that members of the school board sued in their representative capacity could bring counterclaim of board), *overruled on other grounds* by *Raper v. Lucey,* 488 F.2d 748 (1st Cir.1973); *Zion v. Sentry Safety Control Corp.,* 258 F.2d 31, 34 (3d Cir.1958) (holding that partner, under Pennsylvania law, cannot counterclaim for debt owed partnership); *but see Aldens Inc. v. Packel,* 524 F.2d 38, 51 (3d Cir.1975) (holding Attorney General, sued in individual capacity, could assert counterclaim in representative capacity), *cert. denied,* 425 U.S. 943, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976).

However, two exceptions have developed to the traditional rule that a counterclaim may be lodged against plaintiff

---

1. Defendants also argue that § 3.6 of the partnership agreement authorizes them to raise these counterclaims. Paragraph 3.6 states in part:

In the event that a Limited Partner fails to pay either the second, third or fourth installment of his Capital contribution with ten (10) days following the date upon which such in-

stallment is due, the General Partners may (a) enforce the obligation in any manner permitted by law.

The agreement, however, does not answer the question posed in this case. It authorizes what is permitted by law, but in no way aids an understanding of what the law permits.

only in the capacity in which the plaintiff sued. First, if a plaintiff has sued in a representative capacity but will benefit individually from any recovery, a counterclaim may be made against the plaintiff in his individual capacity. Second, a counterclaim may be made against a plaintiff in a capacity different than that in which he sued if principles of equity and judicial economy support such a counterclaim. *Banco Nacional de Cuba v. Chase Manahattan Bank*, 658 F.2d 875, 886–7 (2d Cir. 1981).

■ The issue here is whether a defendant may counterclaim in a capacity different from that in which he has been sued. Although there appears to be no authority on this variation of the theme, the rules and exceptions described above seem to be logically as applicable to the status of a counterclaimant as to the status of a plaintiff against whom a counterclaim is made.

The rationale for allowing counterclaims against a plaintiff only in the capacity in which plaintiff sued—to prevent inequity from counterclaims made against a plaintiff in his individual capacity although the plaintiff sued in a representative capacity— does not apply in cases in which the plaintiff will personally benefit from a suit although brought in a representative capacity. *Banco Nacional De Cuba v. Chase Manhattan Bank*, 505 F.Supp. 412, 437 (S.D.N.Y.1980), *aff'd*, 658 F.2d 875 (2d Cir. 1981); *Burg v. Horn*, 37 F.R.D. 562, 563 (E.D.N.Y.1965); *Scott v. United States*, 354 F.2d 292, 300–301, 173 Ct.Cl. 650 (1965).

There is no apparent reason why this exception should not extend to defendants asserting counterclaims. *See generally Banco Nacional de Cuba v. Chase Manhattan Bank*, 505 F.Supp. at 437 (stating exception to opposing party rule might also apply to defendants and dismissing counterclaims only because defendant had no beneficial interest in counterclaim). In this case, defendants will benefit individually from the counterclaims, although the claims are those of the partnership. Moreover, since the counterclaims do not seek to hold plaintiffs accountable in a different status than that in which they have sued, allowing the defendants to assert these counterclaims will impose no unfair burden on the plaintiffs.

Considerations of judicial economy also appear to justify permitting defendants sued as individuals to raise counterclaims in a representative capacity. Upon such considerations, courts have permitted counterclaims against a plaintiff in a capacity other than that in which the plaintiff sued. Even in *Dunham v. Crosby*, 435 F.2d 1177 (1st Cir.1970), a case cited by plaintiffs for the proposition that defendants (members of a school board) sued in an individual capacity should not be allowed to counterclaim in a representative capacity, the court refused to dismiss the counterclaims raised by the defendants on behalf of the school board. Instead, the court found that resolution of all issues at one time would promote judicial economy. *Dunham*, 435 F.2d at 1181. To allow counterclaims to be asserted in appropriate cases against a plaintiff in a capacity different than that in which he brought suit or by a defendant in a capacity different than that in which she was sued is consistent with the goals of Fed.R.Civ.P. 13 to conserve judicial resources, *Leon Tempelsman and Son v. TECC Corporation*, 107 F.R.D. 384, 385 (N.D.Tex.1985), and to resolve all controversies between the parties in a single suit, *Banco Nacional De Cuba v. Chase Manhattan Bank*, 658 F.2d at 885. Claims should be tried together to avoid delay and waste of judicial resources. *Stewart–Warner Corp. v. Westinghouse Electric Corp.*, 325 F.2d 822, 827 (2d Cir.1963) (holding district court should not have dismissed intervenor's counterclaim since it was sufficiently close to those of original defendant and emphasizing that limitations should not be strictly construed), *cert. denied*, 376 U.S. 944, 84 S.Ct. 800, 11 L.Ed.2d 767 (1964). *See also Alden Inc. v. Packel*, 524 F.2d at 51 (holding issue of counterclaim should be resolved in a way consistent with the fundamental policy of Rule 13, calling for expeditious resolution of controversies arising from the same transaction or between same parties in one suit).

Under either of the two exceptions that have evolved to further the purposes of Rule 13, defendants' counterclaims should be permitted to stand: defendants will benefit personally from any recovery on the counterclaims and it is in the interest of judicial economy that the counterclaims not be dismissed.

During oral argument, it became apparent that plaintiffs' motion to dismiss was rooted in a concern that the partnership, rather than the individual defendants, should receive any money that is recovered on the counterclaims. Plaintiffs were correct to note that the capacity in which defendants Lasky and Rubin brought the counterclaim was ambiguous. Therefore, the motion to dismiss the counterclaims is denied on the condition that the counterclaims be amended to specify that the counterclaimants are suing on behalf of the partnership and in accordance with paragraph 3.6 of the partnership agreement.

It is so ordered.