David B. BLANCHARD, Joel Dictrow, Robert Dictrow, Herman Dictrow, Steven E. Estroff, Alan Ginsberg, Thomas F. Kloberg, Saul Magram, Joel E. Poretsky, Jay A. Springer, and Hannah Waldman, Plaintiffs,

v.

Aron B. KATZ, Harrison M. Lasky, and Lon B. Rubin, Defendants.

No. 86 Civ. 9594(MEL).

United States District Court, S.D. New York.

Feb. 21, 1989.

See also 117 F.R.D. 527.

Lyman & Ash, Philadelphia, Pa., for plaintiffs; Cletus P. Lyman, of counsel.

Curtis, Mallet-Prevost, Colt & Mosle, New York City, for defendants Lasky and Rubin; Joseph D. Pizzurro, Diane da Cunha, of counsel.

LASKER, District Judge.

In an endorsement of November 10, 1987, plaintiffs' common law fraud and Rule 10b–5 claims were dismissed without prejudice for failure to plead fraud with particularity as required by Fed.R.Civ.P. 9(b). Defendants Harrison M. Lasky and Lon B. Rubin now move to dismiss the entire complaint, on the grounds that the fraud claims of the amended complaint remain insufficiently particular, several fraud allegations fail to state a cause of action, and, providing the claim for securities fraud is dismissed, the court lacks jurisdiction over the causes of action arising under state law. The motion is granted and the complaint dismissed with prejudice.[1]

In essence, the complaint alleges that the three defendants offered plaintiffs limited partnership interests in North Ridge Associates, Ltd., a limited partnership, which in turn was a partner in North Ridge Partners, Ltd., which owned a garden apartment project in Texas consisting of 286 units. Katz was the general partner of North Ridge Partners and Lasky and Rubin were general partners of North Ridge Associates.

Plaintiffs, all of whom became limited partners in North Ridge Associates in 1983, allege that the financial projections made by the defendants, upon which plaintiffs relied when deciding whether to invest, were false and misleading because they "overstated revenues and understated expenses." Amended Complaint at ¶ 16. Specifically, the projections allegedly did not reflect expenses to be incurred for repair of the roof and air conditioning system, nor did the projections make adequate provision for the costs of marketing and vacancies. Id. Plaintiffs also contend that the defendants falsely represented that they would use their expertise to manage the apartments in the best interest of the limited partners and that they would not sell the assets without the consent of the limited partners. Id. at ¶¶ 15, 17. Plain-

---

1. Although defendant Aron B. Katz is not a moving party, the complaint is dismissed as against him as well, because the same allega- tions are made against him as against Lasky and Rubin.

tiffs maintain that the defendants knew their representations to be false, and thus their actions constituted fraud in violation of the Securities Exchange Act of 1934, 15 U.S.C. § 78a *et seq*, and Rule 10b–5 of the Securities and Exchange Commission, 17 C.F.R. 240.10b–5. In addition, plaintiffs contend that defendants' behavior constituted common law fraud, breach of contract, and breach of fiduciary duties.

## I.

Defendants persuasively argue that the amended complaint, like the first complaint, fails to satisfy Fed.R.Civ.P. 9(b), which requires that fraud be pleaded with particularity. There is no question that Rule 9(b) applies to claims arising under Rule 10b–5 of the Securities and Exchange Commission. *See, e.g., Ross v. A.H. Robins Co.*, 607 F.2d 545, 557 (2d Cir.1979), *cert. denied*, 446 U.S. 946, 100 S.Ct. 2175, 64 L.Ed. 2d 802 (1980).

When setting forth the allegations of misrepresentation concerning the financial projections for the apartments, the amended complaint, unlike the original complaint, specifies the "time, nature, and place of the alleged misrepresentations made by the defendants" and "attribute[s] the statement[s] to a particular defendant." *Blanchard v. Katz*, 117 F.R.D. 527 (S.D.N.Y.1987). However, the amended complaint still fails to "supply factual allegations supporting plaintiffs' claims that the defendants knew at the time that the representations they made were false." *Id.*

Plaintiffs' amendments, in an effort to supply a factual basis for the inference that the financial projections were fraudulent and that the defendants knew them to be such, specify that:

> Defendants had to be aware of the roof and air conditioning problems as of May 23, 1983, because they were experienced real estate professionals and had fully inspected the property before May 23, 1983. Problems with flat roofs on garden apartments are able to be detected by inspection. Individual air conditioning units do not all malfunction at one time, and problems with air conditioning

units in an entire complex (286 units) ordinarily are signaled by individual problems.

Amended Complaint at ¶ 20(d). The following paragraph states that roof and air conditioning repairs did in fact become necessary. *Id.* at ¶ 20(e). The complaint also specifies the net rental projections for 1983–1986 that were included in the financial projections. *Id.* at ¶ 20(f). In an effort to establish that the defendants knew these projections to be false, the complaint provides:

> Defendants had to be aware that the net rental income projections were too high because the market area was soft and defendants were fully familiar with the market area, including vacancies and the need to give some months free rental as an inducement to obtain tenants.

*Id.* at ¶ 20(g). These paragraphs do not suffice to remedy the lack of factual allegations underlying the claims of misrepresentations and material omissions of the first complaint. *See Schwartz v. Novo Industri, A/S*, 658 F.Supp. 795, 799 (S.D.N.Y. 1987) (Weinfeld, J.) ("To satisfy the particularity requirement of Fed.R.Civ.P. 9(b), a complaint must allege '(1) specific facts; (2) sources that support the alleged specific facts; and (3) a basis from which an inference of fraud may fairly be drawn.'") (quoting *Crystal v. Foy*, 562 F.Supp. 422, 425 (S.D.N.Y.1983)).

Plaintiffs in the case at hand have only made conclusory allegations. They have not, as is required by the law of this circuit, provided a minimum factual basis for the scienter allegation, namely by specifying "the events which they claim give rise to an inference of knowledge." *Devaney v. Chester*, 813 F.2d 566, 568 (2d Cir.1987) (collecting cases). They have asserted that defendants "had to know" about the facts that contradicted—and thus made false— their representations. "While plaintiff[s] assert[ ] that [defendants] knew or should have known of the above-mentioned circumstances, plaintiff[s], other than these bare categorical allegations, offer[ ] no sources for the knowledge [they] seek[ ] to impute to the defendant[s]." *Schwartz v.*

*Novo Industri, A/S,* 658 F.Supp. at 799. In the paragraphs of the amended complaint, plaintiffs' source for knowledge is no more than an inference that, because the defendants had experience in real estate and because repairs to the roof and air conditioning system were ultimately necessary and because the defendant didn't indicate that they would be necessary, defendants knowingly misrepresented the financial status of the apartment complex. Put another way, assuming the allegations of the complaint to be true, as is required when evaluating a motion to dismiss for failure to state a cause of action,[2] no reasonable juror could make the leap of logic required by plaintiffs' pleadings: that because the defendants were experienced in real estate, they "had to know," for example, that the roofs would leak because they were flat.

Moreover, plaintiffs' attempt in its supplemental memorandum in opposition to defendants' motion to point to an inspection report of July 1982 prepared by Cook Consultants, which plaintiffs allege reveals roof leaks in 50 of the apartments,[3] for factual support for its allegation that defendants made these misrepresentations knowingly does not cure the deficiency discussed above for two reasons. First, the question presented by the motion is the sufficiency of the *complaint.* The complaint does not refer either to this document or to the facts it contains. Second, there is a serious question whether the complaint would survive a motion to dismiss, even if it referred to the report of

July, 1982. The defendants in supplemental papers have included a fragment of a report prepared on November 9, 1982 by an appraiser based on the an appraisal done the previous week stating that "all flat roofs have been repaired or replaced."[4] Plaintiffs would need to allege not only that there were problems with the roof in 1982, but that those or other problems existed in May, 1983—the time of the transaction—and that defendants were then aware of the need for roof repair.

In addition, plaintiffs have not modified the original complaint in any way to specify the time, nature, and place of the alleged misrepresentations concerning the defendants' promises as to the management and procedure for sale of the apartment complex. Nor does the amended complaint, in connection with these alleged misrepresentations, attribute any statements to a particular defendant or supply factual allegations concerning the claim that the defendants knew the statements, at the time they were made, to be false.

## II.

To the extent count one, alleging violation of Rule 10b–5, is dismissed for failure to comport with Fed.R.Civ.P. 9(b),[5] the remaining claims, all of which arise under state causes of action, must be dismissed. *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Finally, the complaint is at this time dismissed with prejudice, plaintiffs having already had an opportunity to

---

**2.** Defendants moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6), as well as Rule 9(b) of the Federal Rules of Civil Procedure.

**3.** Defendants contend that the report reveals that only 26 of the reported leaks were attributable to the roof, rather than to windows, patio door casements, or faulty bathtubs. The report does suggest that not all of the leaks were attributable to problems with the roof; however, it is difficult, if not impossible, to determine from the report alone exactly how many of the leaks were caused by problems with the roof. Letter of Joseph D. Pizzurro in Response to Plaintiffs' Second Supplemental Memorandum (June 16, 1988), Exhibit A (Report of Cook Consultants, July 20, 1982).

**4.** Affidavit of Diane da Cunha (June 7, 1988), Exhibit B (Appraisal of Northridge Townhomes by Bill C. Dotson & Associates, Inc.).

**5.** Because the complaint fails to provide the necessary particularity as to any of the alleged misrepresentations, the entire claim must be dismissed and it is not necessary to reach defendants' arguments that plaintiffs have failed to state a cause of action under Rule 10b–5 to the extent they rely on defendants' promises to use their expertise to manage the apartments and to consult the limited partners prior to a sale of the assets.

amend the complaint with notice of its deficiencies. *Luce v. Edelstein,* 802 F.2d 49, 56 (2d Cir.1986) (stating that "[i]n cases where ... leave [to amend] has not been granted, plaintiffs have usually already had one opportunity to plead fraud with greater specificity ..." and collecting cases); *Denny v. Barber,* 576 F.2d 465, 470 (2d Cir.1978) (holding that plaintiff had no right to amend complaint a second time where decision dismissing complaint put plaintiff on notice of deficiencies). This holding does not leave the plaintiffs without remedy; they may still pursue their claims that arise under state law in state court.

\* \* \* \* \* \*

The defendants' motion to dismiss the complaint with prejudice on the grounds that the federal claim for securities fraud fails to state with particularity the circumstances constituting the fraud and that the court lacks pendent jurisdiction over the state law claims is granted.

It is so ordered.